69 So.2d 440

**WALDROP v. LANGHAM et al.**

**2 Div. 312.**

Supreme Court of Alabama.

Dec. 17, 1953.

Withers & Kerr, Greensboro, for appellant.

84

G. E. Sledge and O. S. Burke, Greensboro, for appellees.G. E. Sledge and O. S. Burke, Greensboro, for appellees.

LIVINGSTON, Chief Justice.

The appeal to this court is from a judgment for the defendants rendered by Hon. W. E. Callen, Judge of the Hale County Circuit Court, sitting without a jury, and from a judgment denying plaintiff's motion for a new trial.

The action originated upon the filing of suit by W. C. Waldrop, the appellant here, to recover the sum of $3,500 for services rendered. The alleged services entailed the cruising of timber and assistance in the negotiation of sale of a certain large tract of timber then owned by the original defendant, B. S. Langham.

The complaint was filed on March 15, 1951. B. S. Langham died April 9, 1951, and Florence B. Langham, David M. Langham and B. S. Langham, Jr., were appointed as executors of the estate of B. S. Langham, deceased, and substituted as parties defendants to the original cause of action.

The complaint contains five counts. Count 1 was on open account. Count 2 claimed damages for breach of an oral contract, which contract was set forth in said count. Count 3 was for money had and received, and Counts 4 and 5 were for work and labor done.

Defendants interposed a plea of the general issue.

There are only seven assignments of error. They are as follows:

"1. The Court erred in rendering judgment for the defendants and against the plaintiff.

"2. The Court erred in overruling the motion for a new trial filed by plaintiff.

"3. The Court erred in sustaining the defendant's objection to plaintiff's question to Mr. Paul Reed, 'Are you familiar with Mr. Waldrop's reputation as a timber cruiser and handler of land?'

"4. The Court erred in sustaining defendant's objection to plaintiff's question to Mr. Wesley Beinert, 'Does he have the prestige you mention?'

"5. The Court erred in sustaining defendants' objection to question propounded to plaintiff by his attorney, 'What, in your opinion, is a reasonable and fair price for your services ren-

dered in connection with the cruise and attempting to sell the tract of timber owned by Mr. Langham and which was sold in December, 1950?'

."6. The Court erred in sustaining defendants' objection to questions propounded by plaintiff's attorney as follows: 'What would be a reasonable charge in the community in which that timber was located for the services so rendered?'

"7. The Court erred in overruling plaintiff's objection to defendants'· question to plaintiff, 'Have you ever had one (real estate license) from the Alabama Real Estate Commission?'"

Assignment of Error No. 7 above presents a question of primary importance in this case. It is our opinion that each count in the complaint is based on an alleged contract, express or implied, entailing the cruising of timber and assistance in the negotiation of a sale of a certain large tract of timber owned by the original defendant, B. S. Langham; and the question is: Was the alleged contract controlled by the provisions of Tit. 46, Secs. 298 and 299 of the Code of Alabama of 1940, and if so controlled, were said sections complied with?

Section 298 of Title 46, supra, reads as follows:

"It shall be unlawful for any person, co-partnership, association or corporation to act as a real estate broker or real estate salesman, or to advertise or assume to act as such real estate broker or real estate salesman without· a license issued by the Alabama real estate commission. No co-partnership, association or corporation, shall be granted a license, unless every member or officer of such co-partnership, association or corporation, who actively participates in the brokerage business of such co-partnership, association or corporation, shall hold a license as a real estate broker or salesman, as hereinafter provided for, and unless every employee who acts as a salesman for such a co-partnership, association or corporation shall hold a license as a real estate salesman."

Section 299 of Title 46, supra, is in the following language:

"A real estate broker within the meaning of this chapter *is any person,* firm, partnership, co-partnership, association or corporation, *who, for a compensation or valuable consideration,* sells or offers for sale, buys or offers to buy, *negotiates the purchase or sale* or exchange *of real estate,* or who leases or offers to lease, rents or offers for rent, any real estate or the improvements thereon for others, *as a whole or partial vocation.* * * * *One act for a compensation or valuable consideration* of buying or selling real estate of or for another, or offering for another to buy or sell, * * * except as herein specifically excepted, *shall cause the person,* firm, partnership, co-partnership, association or corporation, performing, offering, *or attempting to perform any of the acts enumerated herein to become a real estate broker* or a real estate salesman within the meaning of this chapter. The provisions of this chapter shall not apply to any person, co-partnership, association or corporation, who as owner or lessor shall perform any of the acts aforesaid with reference to property owned or leased by them, or to the *regular* employees thereof, with respect to the property so owned or leased, where such acts are performed in the regular course of, or as an incident to, the management of such property * * *." (Emphasis supplied.)

Under our decisions, standing timber is unquestionably a part of land. Mt. Vernon Lumber Co. v. Shepard, 180 Ala. 148, 60 So. 825 and cases therein cited. It seems to follow, therefore, that any person, other than those specifically excepted in Tit. 46, Sec. 299, supra, is required to procure from the Alabama Real Estate Commission a license for even one act of selling, offering for sale, or negotiating the sale of standing timber of an-

other for a compensation. Knight v. Watson, 221 Ala. 69; 127 So. 841.

Count 2 of plaintiff's complaint, as well as his own testimony, show without a doubt, we think, both the alleged agreement and the alleged services rendered entailed negotiating, or negotiations, for the sale of timber in direct contravention to Tit. 46, Secs. 298 and 299, supra; and it was held in the case of Knight v. Watson, supra, that in the absence of a license as required by Tit. 46, Sec. 298, supra, any contract to pay commission is not enforceable. The latter case emphasizes that legislation, such as Tit. 46, Secs. 298 and 299, supra, is passed under the police power designed to regulate the real estate business and to protect the public against fraud and imposition.

Appellant relies upon the case of Rattray v. W. P. Brown & Sons Lumber Co., 29 Ala.App. 93, 192 So. 285, 287, in support of his argument that the instant case is not controlled by Tit. 46, Secs. 298 and 299, supra. But to the contrary, we think our conclusion is strongly buttressed by the language of the Rattray case. There, the court defined a real estate broker as "One who for a commission or fee, brings parties together and assists in negotiating contracts between them", following the definition as stated in Webster's New Standard Dictionary. In our opinion, the evidence in the instant case definitely brings the appellant within the classification defined in the aforesaid definition. Other than for such definition, however, Rattray v. W. P. Brown & Sons Lumber Co., supra, is of little, if any, aid in the determination of this case, for the two are clearly distinguishable upon their facts. Here, the testimony tends to prove that under the terms of the alleged contract, appellant was obligated not only to cruise timberlands of B. S. Langham, but also agreed to endeavor to find buyers for same, and to assist in the negotiations for the sale of that timber. In the Rattray v. W. P. Brown & Sons Lumber Co. case, the plaintiff had nothing whatever to do with the cruising of timber. The sole duty of the plaintiff in that case, according to his

contract, was to locate available timberlands and to report the presence of same to defendants. He was not hired to assist in any negotiations of sale, or even to bring the parties together. In short, recovery allowed the plaintiff in Rattray v. W. P. Brown & Sons Lumber Co. supra, was based solely upon the fact that plaintiff had located such timber, which later was purchased by defendants. Nothing in the language of that case can possibly be correctly stated as authority for the contention that plaintiff in the present controversy did not act as a real estate broker within the meaning of Title 46, Secs. 298 and 299 of the Code of 1940.

For obvious reasons, therefore, we think that it was competent under the issues involved in this case to prove that the appellant, plaintiff in the court below, did not have a real estate license and had never had such a license from the Alabama Real Estate Commission. Appellant can take nothing from Assignment of Error No. 7.

Assignments of Error Nos. 5 and 6 are based on the trial court's action in sustaining defendant's objections to questions propounded to plaintiff by his attorney. These questions were designed to prove a reasonable and fair price for the services rendered by the plaintiff to the defendant in connection with the cruise and the attempt to sell the tract of timber owned by Mr. Langham, and which was sold in December, 1950. The appellant testified that he had never been licensed by the Alabama Real Estate Commission as a real estate salesman or as a real estate broker.

We pretermit a discussion of the questions as to whether or not the above-mentioned testimony is in contravention of Tit. 7, Sec. 433 of the 1940 Code, commonly referred to as "dead man's statute." In this case, said issues are not determining factors upon appeal, for as previously discussed, plaintiff failed to make out a prima facie case because of his noncompliance with Tit. 46, Secs. 298 and 299, Code of Alabama 1940. Therefore, any error the trial court may have committed

in ruling upon questions presented in Assignments of Error Nos. 5 and 6 must necessarily be construed as error without injury. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. See Crutchfield v. Vogel, 233 Ala. 306, 171 So. 889.

■ Assignments of Error Nos. 3 and 4 raise the question of admissibility of evidence relating to the reputation and prestige of the appellant, plaintiff below, as a timber cruiser and handler of land. Specifically, in support of the admissibilty of the evidence made the basis of appellant's Assignment of Error No. 3, the attorney for plaintiff said:

"We expect to show, and we think we have shown, that in the sale that was made that Mr. Langham used the cruise that was furnished by Mr. Waldrop. We are going to show that the cruise was furnished and that he used that cruise. And we think that the fact that the man is recognized as a good timber cruiser, a reliable timber cruiser, has an effect on the value of his services in selling or attempting to sell."

We think that we have already demonstrated that under the issues raised in this case, Assignments of Error Nos. 3 and 4 are also without merit because of a noncompliance with Tit. 46, Secs. 298 and 299 of the 1940 Code.

Assignment of Error No. 2 raises the point that the trial court erred in overruling appellant's motion for a new trial.

Only three grounds were assigned in appellant's motion for a new trial, and these grounds were as follows:

"1. There was error on the part of the court in admitting certain testimony to which Plaintiff had duly and legally excepted.

"2. The judgment is not sustained by the great preponderance of the evidence.

"3. *The judgment is contrary to law.*" (Emphasis supplied.)

None of the Assignments of Error heretofore treated by us even remotely presents the question of the severability of the contract sued on; that is to say, whether or not the appellant would be entitled to recover in this suit for services rendered to the defendant in the court below as a timber cruiser, as distinguished from the services performed relative to attempting to sell or negotiating sales for said timberlands. But inasmuch as appellant in brief makes mention of the severability of the contract, we think it proper to deal specifically with the questions presented by the motion for a new trial.

■ Of the three grounds assigned by appellant in his motion for a new trial, only ground No. 3 could possibly raise the issue of severability of the alleged contract. However, we think that it is definitely insufficient for that purpose. In Cobb v. Malone, 92 Ala. 630, 9 So. 738, 739, this court said:

"When the ground of the motion is the insufficiency of the evidence to support the verdict, or that it is contrary to the evidence, the substance of which is reduced to writing, a general assignment is sufficient. But when the reason is that the verdict is contrary to the law, or that errors of law occurred during the trial, a general assignment will be disregarded; the respects in which the verdict is contrary to law, or the errors of law complained of, should be specified, so as to direct the court's attention to the alleged erroneous rulings."

It is obvious that ground 3 of appellant's motion for a new trial was insufficient to raise the question of severability of the alleged contract. While ground 2 of appellant's motion for a new trial is general, it is sufficient to raise the question of the sufficiency of the evidence to support the judgment. Cobb v. Malone, supra. It is entirely insufficient to raise the question of the severability of the alleged contract. Therefore, appellant can take nothing by his Assignment of Error No. 2.

What we have heretofore said clearly indicates that Assignment of Error No. 1 is without merit.

We have carefully considered all of the points raised in the appeal and find no error to reverse. The cause is, therefore, due to be, and is, affirmed.

Affirmed.

All the Justices concur except CLAYTON, J., not sitting.