96 So.2d 761

**James H. FAULKNER et al.**

v.

**STAPLETON INSURANCE and REALTY CORPORATION.**

3 Div. 706.

Supreme Court of Alabama.

Aug. 22, 1957.

Capell, Howard & Cobbs, Montgomery, and J. B. Blackburn, Bay Minette, for appellants.

Telfair J. Mashburn, Jr., Bay Minette, for appellee.

438

GOODWYN, Justice.

This is a suit by Stapelton Insurance and Realty Corporation, a corporation, against James H. Faulkner, James M. Folmar and Henry I. Flinn, Jr., to recover a broker's commission in the amount of $21,250 allegedly due under an employment agreement involving what is known as the Northrop lands in Monroe County, Alabama. The trial court, sitting without a jury, rendered judgment in favor of plaintiff for $5,000. The defendants bring this appeal from that judgment.

Appellants insist that the judgment should be reversed for the following reasons:

I. Appellee did not have a broker's license as required by Act No. 422, approved Aug. 15, 1951, effective Oct. 1, 1951, Acts 1951, Vol. I, p. 745, Code 1940, Title 46, §§ 311(1) to 311(20), Cumulative Pocket Part, thus rendering any agreement for payment of a broker's commission, if in fact made, void and unenforceable.

II. There is a failure of proof of an agreement to pay the claimed broker's commission.

I.

It appears to be firmly established that the contract of a real estate broker who has not obtained a broker's license, such as that required by Act No. 422, supra, is unenforceable. Waldrop v. Langham, 260 Ala. 82, 86, 69 So.2d 440; Knight v. Watson, 221 Ala. 69, 70, 127 So. 841. While those cases dealt with §§ 298 to 311, Tit. 46, Code 1940, which were repealed by Act No. 422, § 22, supra, the holding there that a contract to pay a real estate broker's commission is not enforceable unless the broker has secured a broker's license is equally applicable in the instant case. Act No. 422 superseded §§ 298 to 311, Tit. 46, Code 1940, but both laws were enacted "under the police power designed to regulate the real estate business and to protect the public against fraud and imposition." Waldrop v. Langham, supra [260 Ala. 82, 69 So.2d 443]; Knight v. Watson, supra. Being so, the failure of a real estate broker to procure the broker's license required by Act No. 422, as under the prior law, renders unenforceable any contract entered into by such broker which provides for payment of a commission. As stated in Knight v. Watson, supra [221 Ala. 69, 127 So. 842]:

"A statute imposing a license tax as a revenue measure merely, although declaring the doing of business without such license unlawful and affixing a penalty as a method of enforcement, does not render void and unenforceable contracts made without such license. * * *

"But an act under the police power, designed to regulate the business, to protect the public against fraud and imposition, requiring a license as evidence of qualification and fitness, and prohibiting any act of business under penalty, unless such license is first obtained, does render such contracts illegal, void, and unenforceable in actions for the recovery of compensation and the like. * * *"

However, appellee takes the position that since it is a corporation it cannot be issued a broker's license, and that it was authorized to act as a real estate broker in this instance because it had in its employ a licensed broker who handled the transaction. We are unable to agree with this contention for the reason that Act No. 422 clearly, it seems to us, provides for the issuance of a broker's license to a corporation. Section 3 of the Act (§ 311(3), Tit. 46, Code 1940, Cumulative Pocket Part, supra) defines the meaning of the word "person" as used in the Act, unless the context requires a different meaning, to include "partnerships, associations, firms, and corporations." Section 7 of the Act (§ 311 (7), Tit. 46, Code 1940, Cumulative Pocket

Part, supra) deals with non-resident licensees and requires every non-resident applicant to file an irrevocable consent with respect to the filing of suits and the service of process. It is there provided that "said consent shall be duly acknowledged, and if made by a *corporation,* shall be authenticated by the seal of such *corporation."* (Emphasis supplied.) Section 8 (§ 311(8), Tit. 46, supra) provides for a written examination of each applicant for real estate broker. Subsection (d) thereof provides as follows:

"(d) If the applicant is a partnership, association or *corporation,* said examination shall be submitted to on behalf of said partnership, association or *corporation,* by the member or officer thereof who is designated in the application as the person to receive a broker's license by virtue of the issuance of a license to the partnership, or association or corporation, provided that where more than one member of such partnership or association or *corporation* shall be actively engaged in the real estate business, each must meet the requirements set out in section 311(5) of this title, either as broker or salesman." (Emphasis supplied.)

Section 18 (§ 311(18), Tit. 46, Code 1940, Cumulative Pocket Part, supra) provides for penalties as follows:

"Any person violating a provision of this chapter shall, upon conviction of a first violation thereof, if a person, be punished by a fine of not less than $100 nor more than $500, or by imprisonment for a term not to exceed ninety days, or both; and *if a corporation,* be punished by a fine of not more than $1,000. Upon conviction of a second or subsequent violation, if a person, shall be punished by a fine of not less than $500 nor more than $1,000, or by imprisonment for a term not to exceed two years, or both; and

if a *corporation,* be punished by a fine of not less than $2,000 nor more than $5,000. Any officer or agent of a *corporation,* or any member or agent of a partnership or association, who shall personally participate in or be accessory to any violation of this chapter by such corporation, partnership or association, shall be subject to the penalties herein prescribed for individuals. Any court of competent jurisdiction shall have full power to try any violation of this chapter and upon conviction the court may impose the penalties herein provided for in this section." (Emphasis supplied.)

■ From a consideration of Act No. 422, and particularly the foregoing provisions, we see no escape from holding that a corporation may, on compliance with the requirements of the Act, be issued a broker's license, and must have been issued such license in order to be able to enforce a contract calling for payment to it of a broker's commission.

■ In the instant case none of the officers of the corporation had been issued a broker's license, although, as already noted, the corporation had a licensee in its employ. But that does not meet the requirements of Act No. 422. The plaintiff corporation, not having been issued a broker's license, cannot enforce its alleged contract with the defendants for payment of the claimed commission.

II.

■ We are impressed, from a careful consideration of the evidence, that any commission to be paid was dependent upon the consummation of the sale of the land. But there has been no consummation. During the defendants' negotiations with the owners they secured what all the parties agree was nothing more than an option to purchase and in no sense binding on them.

From what we have said it follows that the judgment of the trial court is due to be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL and COLEMAN, JJ., concur.