122 So.2d 275

W. R. BICKLEY, Jr.

v.

VAN ANTWERP REALTY CORPORATION, INC.

1 Div. 853.

Supreme Court of Alabama.

Dec. 17, 1959.

Rehearing Denied Aug. 18, 1960.

**118**

Bart B. Chamberlain, Jr., Mobile, for appellant.

Austill & Austill and Johnston, McCall & Johnston, Mobile, for appellee.

MERRILL, Justice.

Appeal from a judgment of nonsuit after adverse rulings on plaintiff's demurrer to defendant's special pleas, and on defendant's demurrer to plaintiff's replication.

Bickley, appellant and plaintiff below, sued appellee for $75,000. The first two counts in the complaint were for monies due by account, and for work and labor done. The third count was in special assumpsit, averring that appellant had procured a lessee for appellee's commercial premises and that appellee had entered into a lease with this lessee for a rental period of 50 years, which resulted in the accrual of benefits of $1,500,000 to appellee, and $75,000 was the reasonable value of appellant's services.

There was a plea of the general issue and four special pleas averring that appellant did not have a real estate broker or salesman license as required by the Alabama Real Estate License Law of 1951. Appellant's demurrers to these pleas were overruled, and he filed a replication that he was not a real estate broker or salesman and that "the service so performed for Defendant was an isolated or single service for Defendant." Appellee's demurrer to the replication was sustained and appellant took a nonsuit.

The sole question presented by this appeal is whether the appellant, not a licensed real estate broker or salesman, is prohibited by the provisions of the Alabama Real Estate License Law of 1951 from maintaining an action to recover for his services in securing a lessee for appellee.

This question is decided adversely to appellant in Faulkner v. Stapleton Insurance & Realty Corp., 266 Ala. 437, 96 So.2d 761, 762. In that case, the broker or agent corporation did not have a broker's license as required by the act, and this court said:

"It appears to be firmly established that the contract of a real estate broker who has not obtained a broker's license, such as that required by Act No. 422, supra, is unenforceable. Waldrop v. Langham, 260 Ala. 82, 86, 69 So.2d 440; Knight v. Watson, 221 Ala. 69, 70, 127 So. 841. While those cases dealt with §§ 298 to 311, Tit. 46, Code 1940, which were repealed by Act No. 422, § 22, supra, the holding there that a contract to pay a real estate broker's commission is not enforceable unless the broker has secured a broker's license is equally applicable in the in-

stant case. Act No. 422 superseded §§ 298 to 311, Tit. 46, Code 1940, but both laws were enacted 'under the police power designed to regulate the real estate business and to protect the public against fraud and imposition.' Waldrop v. Langham, supra [260 Ala. 82, 69 So.2d 443]; Knight v. Watson, supra. Being so, the failure of a real estate broker to procure the broker's license required by Act No. 422, as under the prior law, renders unenforceable any contract entered into by such broker which provides for payment of a commission. As stated in Knight v. Watson, supra [221 Ala. 69, 127 So. 842]:

" 'A statute imposing a license tax as a revenue measure merely, although declaring the doing of business without such license unlawful and affixing a penalty as a method of enforcement, does not render void and unenforceable contracts made without such license. * * *

" 'But an act under the police power, designed to regulate the business, to protect the public against fraud and imposition, requiring a license as evidence of qualification and fitness, and prohibiting any act of business under penalty, unless such license is first obtained, does render such contracts illegal, void, and unenforceable in actions for the recovery of compensation and the like. * * * *' "

Appellant agrees that the 1927 Act, codified as Tit. 46, §§ 298–311, Code 1940, would have barred his claim because that act specifically declared that "one act" of offering to buy, sell, lease, rent, etc., caused the person to become a real estate broker or salesman. But it is argued that the 1951 Act, listed as Tit. 46, § 311(1)–311 (20), Code 1940, Cumulative Pocket Part, does not contain the definite inclusion of one isolated act and that it does not include the action of appellant in securing a tenant or lessee for appellee in the instant case.

We are unable to agree with this argument. As already stated in the quoted portion of the Faulkner case and Knight v. Watson, 221 Ala. 69, 127 So. 841, an act under the police power such as Act No. 422, presently under consideration, differs from a statute imposing a license tax for revenue only.

Although Act No. 422 superseded the 1927 Act, §§ 298–311, Tit. 46, Code 1940, Act No. 422 was also enacted under the police power, does not impose a license tax for revenue only, regulates the business of a real estate broker and real estate salesman, seeks to protect the public against fraud and imposition, requires a license as evidence of qualification and fitness and provides that the violation of the act may be either a misdemeanor or a felony, depending upon whether the violation is a first or subsequent offense.

. It, therefore, follows that the contract of appellant with appellee was rendered unenforceable in this action for the recovery of the claimed commission. Faulkner v. Stapleton Insurance & Realty Corp., 266 Ala. 437, 96 So.2d 761; Waldrop v. Langham, 260 Ala. 82, 69 So.2d 440; Knight v. Watson, 221 Ala. 69, 127 So. 841.

It follows that the trial court correctly overruled appellant's demurrers to the special pleas and correctly sustained appellee's demurrer to the replication.

Affirmed.

LAWSON, STAKELY and COLEMAN, JJ., concur.