Sol ABRAMSON, Plaintiff-Appellee,

v.

GULF COAST JEWELRY AND SPECIALTY COMPANY, Inc., et al., Defendants,

Harold W. Ripps, H. A. Meisler, S. J. Ripps and Mrs. H. A. Meisler, Defendants-Appellants.

No. 31099.

United States Court of Appeals, Fifth Circuit.

July 6, 1971.

Jack C. Gallalee, Robert P. Denniston, Mobile, Ala., Gallalee, Denniston & Edington, Mobile, Ala., of counsel, for defendants-appellants.

George W. Finkbohner, Jr., Irvin J. Langford, Jr., Howell, Johnston, Langford & Finkbohner, Mobile, Ala., for plaintiff-appellee.

Before GODBOLD, SIMPSON and CLARK, Circuit Judges.

PER CURIAM:

Abramson sued Gulf Coast Jewelry & Specialty Co., Inc., a family owned corporation, and its three shareholders for a broker's commission allegedly earned in the sale of the capital stock of the corporation to Gordon's Jewelry Corporation. After a non-jury trial the court found that Abramson was the procuring cause of the sale. That conclusion is amply supported by the record.

The defendants say that, nevertheless, Abramson is barred of any recovery because part of the subject matter of the sale was Alabama real estate, that Abramson had no real estate broker's license for that state, and its laws bar recovery of a commission in such circumstances, citing e. g., Tit. 46, § 311(1) et seq., Code of Ala. (1958 Recomp.), Bickley v. Van Antwerp, 271 Ala. 117, 122 So.2d 275.

The shareholders of Gulf Coast entered into a written agreement to sell their capital stock to Gordon's, warranting in that agreement that Gulf Coast had a contract with AG&W Corporation (a separate corporation owned by two of the three Gulf Coast shareholders) to purchase the real property occupied by Gulf Coast, and that they would require AG&W to close the sale to Gulf Coast contemporaneously with the sale of their Gulf Coast stock to Gordon's. If Gulf Coast did not have fee simple title to the real estate at the time of closing, Gordon's could perform or not at its option. The AG&W–Gulf Coast sales agreement unconditionally committed AG&W to sell to Gulf Coast, the sale to be closed contemporaneously with the sale of the Gulf Coast stock to Gordon's. Sales price of the real estate was $197,000, of which $39,400 was cash and the balance by Gulf Coast's promissory note to AG&W in the amount of $157,600, payable over a five year period and endorsed by Gordon's. Purchase price for the Gulf Coast stock was $1,139,947, of which $113,947 was payable at closing and the balance of $1,026,000 by promissory notes payable over a ten-year period.

The District Court found that the sales of real estate and of personalty were severable, involving two transactions between separate legal entities, and entered judgment for the commission calculated on the sales price of the stock. The court considered it unnecessary to determine the question of whether an unlicensed broker is precluded from commission when the sale of real estate forms an incident in a single or nonseverable transaction.

Finding no Alabama authority on the matter, we give weight to the views of the District Judge from Alabama, and affirm. See: Cary v. Borden Co., 153 Colo. 344, 386 P.2d 585; Silvertooth v. Kelley, 162 Or. 381, 91 P.2d 1112; Frier v. Terry, 230 Ark. 302, 323 S.W.2d 415; Weingast v. Rialto Pastry Shop, 243 N. Y. 113, 152 N.E. 693; Marks v. Walter G. McCarty Corp., 33 Cal.2d 814, 205 P. 2d 1025.

Defendants rely upon Payne v. Volkman, 183 Wis. 412, 198 N.W. 438, in which the commission was denied, but that sale was of goods, fixtures and real estate, all belonging to defendant. Kenney v. Paterson Milk & Cream Co., 110 N.J.L. 141, 164 A. 274, 88 A.L.R. 1416 (N.J. Err. & App.), declined to allow any commission, but it too concerned a sale of land, building, equipment and assets of a single company.

Affirmed.