Pryor Dillard, appellant here, filed suit against Pan-American Investments, Inc., claiming he was entitled to a commission because of the purchase by Pan-American, from others, of ten tracts of land. Pan-American defended on the basis that Dillard was not licensed as a real estate broker as required by Tit. 46, § 311 (3), Code of Ala., therefore could not lawfully be paid a commission. A jury found in favor of Dillard and awarded the sum of $24,171.74 as damages. On Pan-American's motion for judgment notwithstanding the verdict, the trial judge set aside the verdict and found in favor of Pan-American to the effect that Dillard had operated as an unlicensed real estate broker.
The sole question presented by this appeal is whether Dillard was acting as a real estate broker, as defined in Tit. 46, § 311 (3) of the Code, when doing what he did for Pan-American. We hold he was, and therefore affirm.
A "real estate broker" is defined in § 311 (3) of Tit. 46 as: *Page 991 
 Definitions. — (a) * * * any person who, for a fee, commission, or other valuable consideration, or who with the intention or expectation of receiving or collecting a fee, or commission, or other valuable consideration, lists, sells, purchases, exchanges, rents, leases, options, or auctions real estate or the improvements thereon, or negotiates or attempts to negotiate any real estate transaction * * *"
Dillard asserts the activities he agreed to conduct for Pan-American were to find suitable lands for purchase, and make introduction of sellers to agents of Pan-American; and that finding and introducing, for a fee, is not prohibited by § 311 (3) of Tit. 46.
Dillard relies upon the case of Rattray v. W.P. Brown SonsLumber Co., 29 Ala. App. 93, 192 So. 285 (1939), in support of his argument that this case is not controlled by the statute. There the Court of Appeals found that where "the only service to be rendered by the plaintiff was to locate bodies of timber and report the same to the defendant," it was not conduct of a real estate broker requiring a license under the Code. However, the language of the Rattray case supports our holding in this case. Using the definition of a broker given in Webster's New Standard Dictionary, that court stated that a real estate broker is: "one who, for a commission or fee, brings parties together and assists in negotiating contracts between them."
Using this definition it becomes necessary to determine whether Dillard negotiated any part of a transaction between Pan-American and a seller. The evidence supports the conclusion that he did.
When asked to state exactly what he did for Pan-American, Dillard testified that:
 "A. I located properties that would meet their requirements.
* * * * * *
 "A. * * * I located or found out if the properties were for sale and the terms that they were for sale for, or they were willing to sell for, and the price that they were willing to pay, and if it was within the boundaries set out, then I would make an introduction, then I would make an introduction of the buyer to the seller * * *"
Dillard further stated he knew the requirements of Pan-American: a purchase price of no more than $85 per acre; terms which involved a down payment of only the prepayment of interest; and payment of interest on the contract for five, seven or ten years, with a five year payout. Also, Dillard was instructed by an agent of Pan-American not to bring properties to him which did not meet the initial requirements regarding quality and price. There is no doubt that Dillard's activities constituted more than merely finding and reporting, as was done in Rattray; he actually "negotiated" the preliminaries between the sellers and Pan-American.
In Handley v. Shaffer, 177 Ala. 636, 59 So. 286 (1912), we said:
 "* * * A real estate broker strictly speaking is but a middleman whose office it is to bring the principals together, with the understanding that they are to negotiate with each other, and trade upon such terms as may be mutually satisfactory. * * *"
We are satisfied that Dillard's activities, as a matter of law, were those of a real estate broker, therefore his claims for compensation are void and unenforceable since he was unlicensed. Bickley v. Van Antwerp Realty Corp., 271 Ala. 117,122 So.2d 275 (1959); Faulkner v. Stapleton Insurance RealtyCorp., 266 Ala. 437, 96 So.2d 761 (1957); Tit. 46, §§ 311 (1) et seq., Code.
In light of this opinion and decision, the cross-appeal of Pan-American is moot, as is Dillard's motion to dismiss it.
The trial court was correct in setting aside the verdict and granting Pan-American's motion for judgment notwithstanding the verdict.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, JONES and ALMON, JJ., concur. *Page 992