56 So.2d 149

**BREWER et al. v. COWAN et al.**

No. 39947.

Dec. 10, 1951.

Delvaille H. Theard, New Orleans, for mover-appellant.

Henry B. Curtis, City Atty., Charles E. Cabibi, Asst. City Atty., New Orleans, for defendant-appellee.

LE BLANC, Justice.

This proceeding originated in a partition suit among heirs who had become co-

owners of a lot of ground in Square 903, Third District, in the City of New Orleans and who no longer desired to remain owners in indivision. They petitioned the court for a sale of the property at public auction in order that a partition by licitation might be effected. The court, after hearing, ordered the sale to be made to the highest bidder according to certain conditions stipulated in the judgment rendered. After all formalities had been observed the sale took place on November 4, 1948 and in accordance with the last and highest bid made by it, the property was adjudicated to the City of New Orleans.

On November 9, 1949, Warren Realty Company, Inc., instituted the present action by rule against the City of New Orleans with the purpose of having the adjudication made to it annulled and cancelled on the ground that it had failed to comply with its bid and also to have the City ordered to show cause why mover in rule who had been the second highest bidder should not now be recognized as the highest bidder and, as such, declared the adjudicatee and permitted to comply with the terms of its bid.

The City of New Orleans filed exceptions of misjoinder of parties plaintiff, of non-joinder of parties defendant and of no cause or right of action, all of which were sustained by the district judge and the rule was accordingly dismissed at mover's costs. The matter comes before us on appeal from that ruling.

As is to be noted from the foregoing recital of the issues, plaintiff in rule, Warren Realty Company, Inc., advances the novel proposition that on the failure of the last and highest bidder to comply with the bid made at an auction sale, the second highest bidder is substituted as the last and highest bidder, becomes the adjudicatee and therefore entitled to the property offered for sale upon his complying with the terms of his bid. The contention made is supported neither by law, nor by jurisprudence, and is contrary to the popular concept of an auction which is defined as "a public sale of property to the highest bidder, by one licensed and authorized for that purpose." See Webster's International Dictionary, Unabridged. The legal definition is the same. See 7 C.J.S., Auctions and Auctioneers, § 1.

Our own Civil Code provides for a situation such as the one that is here presented when the party to whom the adjudication is made "[i]n all cases of sale by auction" does not pay the price at the time required. By the terms of Art. 2611, the seller may, at the end of ten days, and after the customary notices, "again expose to public sale the thing sold, *as if the first adjudication had never been made*". At the second sale, if one is had, the adjudicatee at the first sale runs the risk of remaining a debtor to the vendor for the deficiency in price, and all expenses, should the property sell for a smaller price than the one he had offered at the first sale. (Emphasis supplied.)

Under the article of the Code it is the seller, and no one else, who is given the remedy specified which he may exercise at his discretion. He also has the right to compel specific performance. Washburn v. Green, 13 La.Ann. 332. But these remedies are exclusive to him and never was it contemplated that anyone, just because he was the second highest bidder at an auction sale, would have any rights or interest whatsoever in the sale after an adjudication had been made.

For these reasons we hold that the appellant has no right or cause of action and therefore the ruling below which dismissed its rule on that exception is correct. We find it unnecessary to pass on the exceptions of misjoinder and non-joinder of parties.

Judgment affirmed.

FOURNET, C. J., concurs in the decree.

McCALEB, J., did not participate.