194 So.2d 557

**GENERAL MUTUAL INSURANCE COMPANY**

v.

**R. L. PLEDGER.**

**6 Div. 229.**

Supreme Court of Alabama.

Jan. 26, 1967.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Lorant & Bouloukos, Birmingham, for appellee.

## PER CURIAM.

Appellee filed suit against appellant in the Jefferson County Civil Court to recover on a statutory bond required of real estate brokers. Section 5(c) of Act No. 422, appvd. Aug. 15, 1951, effective Oct. 1, 1951, Acts 1951, Vol. I, p. 745, as amended by Act No. 290, appvd. Aug. 27, 1963, Acts 1963, Vol. 2, p. 734; Recompiled Code 1958 (unofficial), Tit. 46, § 311(5) (c), ·1965 Cum. Pocket Part, pp. 140–141. Judgment for $1,175 was entered and defendant appealed to the circuit court of Jefferson County where the trial court, on a de novo hearing, without the aid of a jury, rendered judgment for the same amount. Defendant here appeals from the latter judgment.

In the circuit court the amended complaint consisted of counts A and B. These counts appear to be identical except that count A declares on a bond which was executed October 1, 1960 and expired on September 30, 1961, while count B declares on a bond executed on October 18, 1961 and expired on September 30, 1962. Both bonds contain identical provisions.

Appellant demurred to the complaint as amended. The trial court overruled the

demurrer which ruling is here assigned as error.

The pleading was in short by consent with leave of both sides to give in evidence any matter which if well pleaded would be admissible under the pleadings.

Appellant contends also by assignment of error that the trial court erred in rendering final judgment in favor of appellee against appellant.

After judgment was entered, appellant filed a motion for a new trial which was overruled by the lower court. This ruling of the trial court is also assigned as error.

Also, the reception of certain evidence, over the objection of defendant, is assigned as error.

It appears from the evidence that defendant-appellant was surety on two indemnity bonds for George A. McCrary, Sr., Birmingham, Alabama. The obligee of the bond was the State of Alabama. In each of the bonds appears the following:

"THE CONDITION OF THIS OBLIGATION IS SUCH THAT whereas the above bounden Principal has made application to the Alabama Real Estate Commission for a license as a real estate broker as defined in Act No. 422 of the 1951 Legislature of the State of Alabama.

"NOW, THEREFORE, if the said Principal shall pay to the extent of $2,-000.00 ..... Two Thousand and no/100 ..... Dollars, any judgment which may be recovered against him for loss or damages arising from his activities as such real estate broker, as defined in said Act and during the term of this bond, then this obligation shall be null and void, otherwise to remain in full force and effect. * * *"

The amended complaint, counts A and B, allege inter alia as follows:

"COUNT A:

"Plaintiff claims of the Defendants the sum of Eleven Hundred Seventy-five Dollars ($1175.00) for the breach of the conditions of a Bond, made by Defendant, on to-wit the 1st day of October, 1960, wherein George A. McCrary, Sr., Birmingham, Alabama, was the principal in said Bond, and said Bond, payable to the State of Alabama, was executed by the Defendant as Surety, and filed with the Real Estate Commission, of the State of Alabama, with the conditions as follows: That whereas the principal of said Bond, George A. McCrary, Sr., Birmingham, Alabama, has made application for a License as a real estate broker as defined by the laws of the State of Alabama; and the further conditions that if said principal shall pay to the extent of Two Thousand Dollars ($2,000.00) any Judgment which may be recovered against him for loss or damage arising from his activities as such real estate broker, as defined by the laws of the State of Alabama and during the term of the Bond, then the obligation of Defendant shall be null and void, otherwise to remain in full force and effect. Said Bond was executed on October 1, 1960, expired on September 30, 1961.

"Plaintiff further avers that the condition of said Bond has been broken by the Defendant in this: That the Plaintiff has recovered a Judgment against the principal on said Bond, George A. McCrary, Sr., and that said Judgment which was recovered against the principal on said Bond, George A. McCrary, Sr., was recovered on June 12, 1962, and that said Judgment which was recovered against him for loss or damage arising from his activities as a real estate broker as defined by the Laws of the State of Alabama, during the term of the Bond of the Defendant and that said George A. McCrary, Sr., has not paid said Judgment and said Judgment has not been paid either to the plaintiff or to the Court, hence this Suit."

Count B of the complaint is the same except it refers to a Bond which was exe-

cuted on October 18, 1961 and expired on September 30, 1962.

Appellant's contention on demurrer is that only the obligee in the bond, namely, the State of Alabama, has any right to sue on the bond. It contends that there is no privity of contract between plaintiff and defendant. It cites many examples "of legislation in this State in situations where bonds are required by statute where the legislature has evinced its intent that third persons other than the obligee named in the bond who are aggrieved in the premises will have a right of suit upon the bond." We will not undertake to cite the several statutes to which appellant has referred.

■ What about the language of the statute showing a legislative intent to give the right to any one obtaining judgment against a realtor to recover by suit on the bond? It occurs to us, on examination of Act No. 422, supra, that the legislation was passed under the police power and designed to regulate the real estate business and to protect the public against fraud and imposition. Waldrop v. Langham, 260 Ala. 82, 69 So.2d 440(3); Wellden v. Roberts, 37 Ala.App. 1, 67 So.2d 69(6), aff. 259 Ala. 517, 67 So.2d 75. The Act prescribes the qualifications of licensees; provides for written examination of applicants, and for revocation of license; also, for hearings upon complaints. The Act further fixes punishment for licensees who violate any provisioin of the Act; also, it requires bond (§ 5(c)) in the following language:

"(c) Every applicant for real estate broker's license, either original or renewal, shall furnish bond payable to the State of Alabama, in the amount of two thousand dollars ($2,000.00) with a surety company authorized to do business in Alabama, which bond shall provide that the obligor therein will pay to the extent of two thousand dollars ($2,000.00) any judgment which may be recovered against such licensee for loss or damages arising from his activities as such real estate broker. Said bond to be filed with the Alabama real estate commission prior to the issuance of such license."

The complaint here is predicated on § 5(c), aforequoted, with allegations in substantial compliance therewith.

We think it would be very restrictive and strained for this court to say that the legislature in its enactment of Act No. 422, supra, under the police power to regulate real estate brokers and salesmen, and to protect the public against fraud and imposition, intended that the bond required under § 5(c), supra, was to protect the State of Alabama in its real estate transactions with licensed brokers or salesmen and no one else. The scope of the Act is broad and envisions all persons who might suffer from fraud and imposition of an unscrupulous licensee, whether broker or salesman. We can see no reason why the legislature, in the enactment of such comprehensive protection to the public, would want to limit the bond to the State of Alabama and give it special protection.

■■ We hold that there was a legislative intent to include any person within the purview of said § 5(c) and § 5(d), and not merely the State of Alabama. Any judgment creditor of such licensee for loss or damage not exceeding the statutory limit arising in the manner provided in the statute would be a party at direct interest and could maintain an action on the bond for the recovery of judgment obtained against such licensee under the circumstances provided in said sections, supra. Anderson v. Howard Hall Co., Inc., 278 Ala. 491, 179 So.2d 71(3).

■ It is to be noted that the obligation is to pay "any judgment" and not necessarily a judgment obtained by the State. That the plaintiff here could sue, in our judgment, was the plain intendment given by the statute. Vol. 11 C.J.S. Bonds § 106 a(2), p. 472.

The demurrer to the complaint was properly overruled, and the assignment of error challenging such ruling is without merit.

We do not think there is any merit in appellant's insistence that the trial court erred in overruling appellant's motion for a new trial with particular reference to the ground that the judgment of the court was contrary to the evidence and was excessive. This was the only ground here argued.

■ Plaintiff offered in evidence the court proceedings in the Jefferson County Civil Court wherein he obtained judgment against defendant-appellant in the sum of $1175.00. Testimony of plaintiff was undisputed that the principal was indebted to plaintiff in the sum of $1175.00 arising out of a real estate transaction with McCrary. We think the proceedings were admissible to establish the judgment and the nature thereof, as was the oral testimony of plaintiff relating to the business transaction incident to the principal's activities as a real estate broker.

■ Defendant-appellant, under the conditions of its bond, was bound by the result of the legal proceedings against the principal of the bond so far as these proceedings and the loss or damages therein claimed and reduced to judgment were related to the activities of the principal as a real estate broker pursuant to the provisions of said Act No. 422, supra, or arose therefrom. The evidence of appellee was pertinent to this issue and was admissible; so were the legal proceedings. The evidence sustains the judgment against appellant.

While it is true that the bond does not specifically state that it will pay the judgment, there is no escape from the fact that it was given to meet the demands of § 5(c), aforequoted. It says at the top: "BOND OF REAL ESTATE BROKER OR SALESMAN AS DEFINED IN ACT NO. 422, LEGISLATURE OF ALABAMA, 1951." Reference is made to said Act in the body of the bond.

■ We hold that said § 5(c), aforequoted, is incorporated in and made a part of the bond by operation of law as though it were specifically set out haec verba. The liability is fixed by this § 5(c) in recognition of which the bond was executed. See citations in Ala.Dig., Vol. 12, Insurance, ☜152(3); also, Ginsberg v. Union Central Life Ins. Co., 240 Ala. 299, 198 So. 855(6); also, Employers Ins. Co. v. Harrison, 250 Ala. 116, 33 So.2d 264(1). And, we refer to American Southern Ins. Co. v. Dime Taxi Service, Inc., 275 Ala. 51, 151 So.2d 783(6), 4 A.L.R.3d 611, wherein we said:

"* * * The Alabama Motor Vehicle Financial Responsibility Act, and the extent of the liability which it imposes, is as much a part of the policy as if it were written into it, and no private understanding or provisions can alter, modify, limit or abrogate that liability. The Financial Responsibility Act is for the protection and benefit of the public and does not provide that a judgment against the insured is a condition precedent to liability thereunder."

■ The principal of the bond, here involved, failed to pay the judgment and liability therefor was cast upon appellant to pay. The proof shows that the damages included in the judgment arose from the principal's activities as a real estate broker. This was sufficient to cast liability on appellant to pay.

The argued assignments of error are without merit. The judgment is affirmed.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LAWSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.