ON PETITION FOR “HOLLINGS-HEAD” APPEAL GRANTED
PER CURIAM.
We have for consideration a Petition for a “Hollingshead Appeal”. (Hollingshead v. Wainwright, Sup.Ct.Fla.1967, 194 So.2d 557) The petition is filed by an Assistant Public Defender for the Fourth Judicial Circuit. It recites that within the 30 day jurisdictional period permitted for the filing of an appeal from the order by which petitioner was sentenced the petitioner requested that his attorney, the Public Defender, file a notice of appeal in his behalf. However, the petition recites, the Public Defender did not. move the trial court for an order appointing the Public Defender to represent the petitioner on appeal until 41 days after the judgment and sentence from whence a “Hollingshead appeal” is now sought. It is apparent therefore, and the petition specifically so alleges, that the petitioner’s constitutional right to an appeal has been frustrated by State action. (See Thompson v. Dilley, Sup.Ct.Fla.1973, 275 So.2d 234) It is further apparent therefore that this Court has no alternative but to grant to the petitioner *194 a “Hollingshead appeal”. However, in so doing, we feel it pertinent to note that such is being done to protect the constitutional rights of the defendant-petitioner and is not to be construed as condoning the obvious and unexplained tardiness of the Public Defender. The Public Defenders’ offices should not construe Hollingshead as a media for procrastination or otherwise unexplained delay. Although Hollingshead assures that a defendant’s constitutional rights may not be frustrated by State action, including inaction on the part of a Public Defender, it does not affect the inherent jurisdiction of the court over the actions of attorneys (officers of the Court) appearing before it or who are obligated under the law to appear before it.
The Petition for “Hollingshead appeal” is granted.
It is so ordered.
RAWLS, C. J., and BOYER and Mc-CORD, JJ., concur.