303 So.2d 119

**Frank N. ADAIR, d/b/a Adair Realty Co.**

v.

**ALABAMA REAL ESTATE COMMISSION.**

**Civ. 400.**

Court of Civil Appeals of Alabama.

Nov. 13, 1974.

Cloud, Berry, Ables, Blanton & Tatum, Huntsville, for appellant.

622

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for appellee.

BRADLEY, Judge.

This appeal is from a judgment of the Circuit Court of Madison County affirming an order of the Alabama Real Estate Commission suspending the real estate broker's license of Frank N. Adair for a period of ninety days.

The Alabama Real Estate Commission, hereinafter referred to as plaintiff, after a hearing suspended the license of Frank N. Adair, hereinafter referred to as defendant, for violating the following Real Estate Commission regulation:

"A non-resident auctioneer may not act except in cooperation with a licensed broker in this State. The auctioneer must be an Alabama broker. Any advertising must include the name and broker license number of the Alabama auctioneer. There must be full compliance with the provisions of Section 7 of the Act."

The evidence shows that defendant, a licensed real estate broker in Huntsville, Alabama, entered into a cooperative agreement with Mr. R. P. (Bob) Keller and Mr. Paul Monk, both licensed real estate brokers in the State of Tennessee and licensed auctioneers in the State of Alabama, to auction or sell some real estate in Madison County, Alabama.

Defendant was advised by plaintiff not to permit an out-of-state broker to actually "cry the property" as such would be in violation of the above quoted Commission regulation.

The auction was held on May 12, 1974 and the property was cried by Mr. Keller.

Defendant was directed to appear before the plaintiff in Huntsville, Alabama for a hearing on the charge made against him. Subsequently, defendant was advised that his broker's license had been suspended for ninety days for the violation of the above cited regulation.

The license suspension action was appealed to the circuit court as provided by statute. See Title 46, Section 311(14), Code of Alabama 1940, as Recompiled 1958, and as amended.

After hearing, the circuit court affirmed the action of plaintiff. An appeal was then perfected by defendant to this court.

■ Plaintiff has moved this court to dismiss the appeal on the ground that there is no statutory authority for such an appeal; hence this court is without jurisdiction to entertain the appeal.

Title 46, Section 311(14), *supra*, provides, in part, as follows:

"Findings made by the commission are deemed conclusive, unless within thirty (30) days after notice of the decision of the commission has been given to an applicant or accused, said applicant or accused shall appeal said finding or ruling to the circuit court of the county of his residence. In the event of such an appeal the circuit court shall hear the same de novo. Such appeal shall be taken by the filing of notice of appeal with the clerk of the circuit court of the county to which the appeal is taken. . . . In the event an appeal is taken by applicant or accused such an appeal shall act as a supersedeas and the court shall dispose of said appeal and enter its decision promptly. The court shall have the right to affirm, reverse or affirm in part, or reverse in part the findings of the commission and shall render such final judgment as to the court may seem just and proper."

It will be noted from a careful reading of Section 311(14), *supra*, that the appeal of plaintiff's decision to the circuit court results in a de novo hearing in the circuit court; after such a hearing, the circuit court shall enter *its* judgment affirming, reversing or affirming or reversing in part, whichever is called for in the circumstances. (Emphasis added.)

This section and the other sections of the law are silent regarding an appeal to the appellate courts of this state.

Nevertheless, Title 7, Section 754, Code of Alabama 1940, as Recompiled 1958, provides that an appeal lies to the State Supreme Court from all final judgments of the circuit courts, " . . . except in such cases as are otherwise directed by law, . . . "

Title 13, Section 111(3), Code of Alabama 1940, as Recompiled 1958, provides that the Court of Civil Appeals has jurisdiction of ". . . all appeals from administrative agencies other than the Alabama public service commission, . . . "

We consider the judgment rendered in the circuit court affirming the order of the Commission after a de novo hearing to be a final judgment within the meaning of Section 754, *supra*. Also we consider the appellate review of decisions of administrative agencies by the Court of Civil Appeals authorized by Title 13, Section 111(3), *supra*, to be within the purview of that part of Section 754, *supra*, which is as follows:

". . . except in such cases as are otherwise directed by law, . . . . "

It follows that there is authority for the appeal in the case at bar and this court has jurisdiction to decide it. Motion to dismiss appeal denied.

Defendant argues here as he did in the circuit court that the plaintiff exceeded its statutory authority by promulgating the regulation in question. He poses this question: Is a Tennessee broker who entered into a cooperative agreement with an Alabama broker to sell real estate in Alabama prohibited from actually auctioning or crying such property? Or, put another way, does the regulation and the statute authorizing its promulgation require that the property in this instance be auctioned or cried by an Alabama real estate broker?

Plaintiff, by way of answer, says that only licensed Alabama real estate brokers can auction real property in Alabama and

the regulation requiring that only licensed Alabama real estate brokers can cry or offer for sale real property in Alabama is valid. And, inasmuch as the property in question was not auctioned by an Alabama broker, the regulation was violated.

■ The regulation in question was promulgated by plaintiff pursuant to the authority reposed in it by Title 46, Section 311(19), Code, *supra*; and, is to be enforced as if it were a duly enacted statute so long as the regulation is not unreasonable or inconsistent with the statute from whence it was born. Frasier v. Finch, 313 F.Supp. 160, aff'd 434 F.2d 597; Marcet v. Board of Plumbers Exam. and Regis. of Ala., 249 Ala. 48, 29 So.2d 333.

The pertinent provisions of the statute with which we will be concerned are Title 46, Sections 311(3) and 311(2), which are in pertinent part as follows.

Section 311(3) provides that the term "Real estate broker" includes any person who " . . . auctions real estate . . or negotiates . . . any real estate transaction, . . . ."

Section 311(2) provides that:

"It shall be unlawful for any person, . . . to . . . auction real estate . . . unless such person, . . . is licensed as a broker . . . under the provisions of this chapter, . . . ."

These two sections of the statute provide in essence that a real estate broker is a person authorized to "auction" real estate and, unless he is licensed as a broker, he cannot "auction" real estate in Alabama. And plaintiff says the regulation requiring that the auctioneer be an Alabama licensed broker is a refinement of the statutory language in an effort to further clarify its meaning.

■ An "auction" is a public sale of property to the highest bidder, by one licensed and authorized for that purpose. Brewer v. Cowan, 220 La. 189, 56 So.2d 149.

Webster's Third New International Dictionary defines an "auctioneer" as "a person who sells at auction." An "auctioneer" has also been considered as the one who cries or calls for bids on property being offered at a public, competitive sale. White v. Dahlquist Mfg. Co., 179 Mass. 427, 60 N.E. 791.

■ Applying the definition of an auctioneer to the statutory requirements for an auction of real estate in Alabama, it would appear that the regulation requires no more than what is required by the above quoted sections of the applicable statute.

Appellant argues, however, that Title 46, Section 311(7), Code of Alabama 1940, as Recompiled 1958, as amended, is an exception to this requirement and does allow the out-of-state broker to auction property in Alabama in the particular situation therein pointed out. Section 311(7) is as follows:

"It shall be unlawful for any person, partnership or corporation who is not a bona fide citizen and resident and a licensed broker or licensed salesman in this state to perform any of the acts regulated by this chapter, *except that a licensed broker of another state may cooperate with a licensed broker of this state and any commission or fee resulting from such cooperative negotiations shall be divided by agreement between the cooperating brokers.*

"In each instance herein where an Alabama broker enters into a cooperating agreement with a nonresident broker pertaining to the sale of real property within the state of Alabama, the Alabama broker must file immediately with the Alabama real estate commission a copy of the written agreement for each piece of property offered for sale. . . ." (Emphasis added.)

Appellant says in effect that once the cooperating agreement is entered into by the out-of-state broker and the Alabama broker, the out-of-state broker is then authorized to cry or offer the property at the public sale. We do not believe that the

provision in Section 311(7), *supra*, authorizes this result.

Should we adopt the interpretation of Section 311(7) suggested by appellant, the result could be a complete circumvention of the Alabama real estate law, whereby out-of-state brokers, merely by entering into a cooperating agreement with an Alabama broker, could auction property in Alabama. This would be completely contrary to the provisions of Sections 311(2) and 311(3) requiring that a person, in order to auction property in Alabama, be licensed to do so by the provisions of the Alabama real estate law. We do not believe the intent of the legislature was to permit out-of-state people to auction property in Alabama merely by entering into a cooperating agreement with an Alabama broker.

One of the principal incidents of a cooperating agreement such as we have before us now would be the sharing of the fee for the auctioning of property in Alabama. We can envision other aspects of such an agreement warranting participation by the out-of-state broker so as to justify his part of the fee, but the actual crying of the property is not one of them.

The Alabama real estate law is a regulatory measure designed by the legislature to protect the people of this state from fraud and imposition. Marx v. Lining, 231 Ala. 445, 165 So. 207; Waldrop v. Langham, 260 Ala. 82, 69 So.2d 440; General Mut. Ins. Co. v. Pledger, 280 Ala. 400, 194 So.2d 557. It clearly provides that a person must be licensed as a real estate broker in this state before he can auction real estate. We are convinced that this requires the Alabama broker to be the "auctioneer" or crier of the property at the sale. The regulation adopted by plaintiff so provides, and we conclude that the plaintiff did not exceed its authority in promulgating such regulation.

Motion to dismiss denied.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.