331 So.2d 696

**Dr. Walter James KYLE, Jr.**

**v.**

**BOARD OF DENTAL EXAMINERS OF ALABAMA et al.**

**Clv. 701.**

Court of Civil Appeals of Alabama.

Jan. 28, 1976.

Rehearing Denied Feb. 18, 1976.

682

Welch & Tucker, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and James S. Ward, Asst. Atty. Gen., for appellees.

HOLMES, Judge.

This is an appeal from the Circuit Court of Jefferson County, Alabama. The trial court vacated its temporary restraining order enjoining defendants from performing various acts, and dismissed plaintiff Kyle's action. This appeal ensued.

The question before this court is whether the court below erred in dismissing the action. The resolution of this issue depends upon whether Kyle was entitled to a hearing in the circuit court on the revocation of his license to practice dentistry and whether criminal prosecutions against him for practicing dentistry without a license should have been enjoined by the circuit court.

The record reveals the following pertinent facts:

Plaintiff Kyle is by profession a dentist. Defendant Board of Dental Examiners of Alabama regulates the qualification and licensing of Alabama dentists.

In March of 1974, the board placed Kyle on probation due to certain irregularities in his dispensation of narcotic drugs. Kyle had previously voluntarily surrendered his narcotics license.

Kyle's license to practice dentistry was revoked by the board in December of 1974, pursuant to a hearing in which it was determined that Kyle had violated the conditions of his probation.

In May of 1975, Kyle was arrested and charged with practicing dentistry without a license. In June of that year, the State of Alabama filed a *quo warranto* action against Kyle in the Circuit Court of Jefferson County, alleging that he was unlawfully practicing dentistry. Thereafter, Kyle commenced an action in the Jefferson County Circuit Court, seeking to have his license revocation set aside and the criminal prosecution pending against him enjoined until the propriety of the revocation was determined.

Subsequently, Kyle's action and the State of Alabama's *quo warranto* petition were consolidated, and a temporary restraining order was issued proscribing any prosecution of Kyle for the unlawful practice of dentistry. The appellees herein then filed a motion to vacate the temporary restraining order, or in the alternative to dismiss the action. This motion was granted on September 24, 1975, and the temporary restraining order was dissolved and the action dismissed.

We initially note appellees' contention that this appeal properly belongs in the supreme court by virtue of Tit. 7, § 757, Code of Ala.1940, which provides that appeals lie to the supreme court from all orders dissolving injunctions. However, it is the jurisdictional policy of this court and the supreme court that statutes which provide that a cause may be appealable to the supreme court shall be construed to mean that the cause is appealable to the proper appellate court, whenever the matters are clearly within the jurisdiction of this court. This policy is stated in an order of the supreme court found in the minutes of the Alabama Court of Civil Appeals for the October Term 1974–75, p. 235. It is thus clear that the instant appeal is cognizable by this court, inasmuch as the action dismissed by the court below is in effect an appeal from action of an administrative agency. See Tit. 13, § 111(3), Code of Ala.1940, which delineates the jurisdiction of the Alabama Court of Civil Appeals.

As we perceive appellant Kyle's brief, he contends that his petition for a temporary restraining order is in effect a request for a review by the circuit court of his license revocation. Tit. 46, § 120(30), Code of Ala.1940, reads as follows:

"From any order of the board refusing to issue a license or license certificate or revoking or suspending a license or license certificate any party affected thereby may bring an action in the circuit courts to set aside said order on the ground that the same is unlawful or arbitrary."

While it is questionable whether Kyle's petition is a request for review pursuant to Tit. 46, § 120(30), Code of Ala.1940, so considering, in this instance, we find it comes too late. The statute above quoted prescribes the manner in which one is to challenge an allegedly improper license revocation; that is, by instituting an action in the circuit court.

Kyle's license to practice dentistry was revoked by the board in December of 1974. His petition in the circuit court entitled, "COMPLAINT FOR DECLARATORY JUDGMENT—IN THE ALTERNATIVE AN INJUNCTION AND TEMPORARY RESTRAINING ORDER AND PERMANENT RESTRAINING ORDER", was not filed until June of 1975. During the period from December 1974 through June of 1975, Kyle, in lieu of petitioning the circuit court pursuant to Tit. 46, § 120(30), Code of Ala.1940, chose to ignore the board's revocation of his license. He continued to practice dentistry and took no action until the state began its criminal prosecution. It was then, and only then, that Kyle sought relief from the circuit court. It is appropriate to note at this point that Dr. Kyle was not represented by learned counsel on this appeal until the petition in circuit court was filed.

Tit. 46, § 120(30), Code of Ala.1940, is silent as to what period of time an aggrieved party has to petition the circuit court for review of the board's action. However, the predecessor of § 120(30), § 94 of Tit. 46, Code of Ala.1940, provided that a person whose certificate had been revoked by the board had thirty days in which to appeal the revocation to the circuit court.

To this court, in the absence of the statute enunciating a specific time, an aggrieved party must now petition within a reasonable time. In view of Kyle's action as stated above, this court cannot say he initiated his right to review pursuant to Tit. 46, § 120(30), Code of Ala.1940, within a reasonable time. In fact, in this instance, Kyle's action of forcing the state to pursue criminal prosecution is to this court irreconcilable with his statutory right of judicial review.

Injunctions against criminal prosecutions are not favored and will not ordinarily be granted. *Montiel v. Holcombe*, 240 Ala. 352, 199 So. 245; *Quinnel-*

*ly v. City of Prichard,* 292 Ala. 178, 291 So.2d 295. We can perceive under the circumstances of this case no exigency compelling enough to warrant enjoining the prosecution of Kyle.

All issues presented having been considered, the lower court did not err in its dismissal of the action. This cause is accordingly due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.