The Board of Dental Examiners revoked the license of Dr. Grady S. King to practice dentistry and he appealed to the Circuit Court of Madison County. After a wide-ranging hearing that court reversed the board's revocation order. The board appeals to this court.
On October 29, 1975 the board notified Dr. King in writing that he was to appear before it on November 22, 1975 to show cause if any he had why his license to practice dentistry should not be suspended or revoked. King then requested a more definite statement of the charges made against him, and the board responded by filing a nine count statement of charges against him. *Page 313 
After completion of Dr. King's discovery efforts, the board conducted a hearing on the enlarged complaint at which witnesses testified both for and against Dr. King. At the conclusion of the hearing, the board found Dr. King guilty of the following charges and revoked his license:
 "6. Gross negligence in the practice of dentistry in directing and permitting your dental assistant or others in your office to perform procedures upon patients without sufficient or adequate supervision or instruction.
 "7. Gross negligence in the practice of dentistry in directing and permitting your dental assistant or assistants, to-wit, Kathrine S. Perky, Jo Ann Moore and Ann Smith, to perform procedures upon patients without sufficient or adequate supervision or instruction.
 "8. Employing, allowing or permitting unlicensed persons to perform work in your office which, under the provisions of the Alabama Dental Practice Act, can only be legally done by a person or persons holding a license to practice dentistry or dental hygiene.
 "9. Employing, allowing or permitting unlicensed persons, to-wit, Kathrine S. Perky, Jo Ann Moore and Ann Smith, to perform work in your office which, under the provisions of the Alabama Dental Practice Act, can only be legally done by a person or persons holding a license to practice dentistry or dental hygiene, including: packing amalgam filling for a patient; installing a bridge for a patient, Mr. Dan Marshall; seating a crown for a patient, Mr. Edd Turner."
Dr. King appealed the revocation order to the Circuit Court of Madison County and asked that the revocation order be over-turned and that he be permitted to continue the practice of dentistry. The circuit court reversed the board's order revoking Dr. King's license. As a result of the circuit court's action the board brings this appeal.
The first issue presented on appeal concerns whether the circuit court applied an improper scope of review to the action which the Board of Dental Examiners took against Dr. King.
At the outset of the proceedings in the Madison County Circuit Court the board's attorney suggested to both the judge and the lawyer for Dr. King that the circuit court's scope of review in the matter before it was limited to a consideration of the record taken at Dr. King's hearing before the Board of Dental Examiners. The court, however, apparently rejected the board's suggestion and permitted Dr. King to present evidence outside the original record.[1] The "independent" evidence was adduced by Dr. King in an effort to demonstrate that the board's decision revoking his license was arbitrary and/or unlawful. Title 46, section 120 (30), Code of Alabama 1940 (Recomp. 1958) (Supp. 1973). Counsel for the board objected to the court's action, contending that a hearing before the court should be restricted to testimony (and exhibits) evidenced in the record made before the dental board and filed with the circuit court.
As the events described above indicate, the circuit court did not limit its review to the record taken at Dr. King's hearing before the board.
Thus, we agree with the contention made by the board at trial (and on appeal) and conclude that the circuit court exceeded its scope of review in reversing the board's determination that Dr. King's license to practice dentistry should be revoked.
The standard of review upon appeal to a circuit court from an order suspending or revoking a dental license is set out in Title 46, section 120 (30), Code of Alabama (1940) (Recomp. 1958) (Supp. 1973).* Section 120 (30) provides in applicable part: *Page 314 
 "From any order of the board . . . revoking or suspending a [dental] license . . . any party affected thereby may bring an action in the circuit courts to set aside said order on the ground that the same is unlawful or arbitrary." (Emphasis supplied.)
In its brief and in oral arguments before this court, Dr. King's attorney asserted that the use of the statutory language "unlawful" must be interpreted liberally and that a liberal interpretation of such language would permit the introduction of evidence upon appeal to a circuit court which was independent or extraneous to the evidence presented in the hearing before the dental board. Counsel for Dr. King urged that such extraneous evidence is necessary in order to demonstrate that a party's right to due process of law was denied by the proceedings before the board.
Although Dr. King's arguments are persuasive, we do not believe that our legislature intended the circuit court's review to extend to matters not documented by the record taken during a hearing before the Board of Dental Examiners.
In the interpretation of statutes, the legislative will is very important, and, in fact, it has been said that the intent of the legislature constitutes the law. Abramson v. Hard,229 Ala. 2, 155 So. 590. In construing and applying a statute, the essential object to be determined is the valid legislative intent. In reaching this determination we must consider the subject upon which the law operates, its language and purpose. And in order to further clarify legislative intent this court may examine any prior statutes (or other laws) which deal with the same subject as the statute presented for review.
The statutory section which dealt with an appeal to a circuit court from an order by the Board of Dental Examiners prior to section 120 (30) was Title 46, section 94, Code of Alabama 1940 (Recomp. 1958) (repealed 1973). Section 94 specifically provided that "upon . . . appeal [to a circuit court] said cause shall be tried de novo." However, when section 120 (30) replaced section 94 the legislature deleted any reference to a trial de novo. Instead of permitting the circuit court to conduct an entirely new trial where the court could substitute its own findings and judgment for that of the board, section 120 (30) mandated that the board's action be set aside only if such action was unlawful or arbitrary. Thus, it is reasonable to conclude that if the legislature had intended to provide a trial de novo upon an appeal from a judgment by the Board of Dental Examiners revoking a dental practitioner's license, the legislature could have done so by either leaving the de novo
language of section 94 intact when it modified (or repealed) other statutory provisions dealing with the practice of dentistry or by placing language in section 120 (30) expressly permitting a circuit court to conduct a de novo proceeding. Since the legislature exercised neither of these options, section 120 (30) cannot be viewed as authorizing a circuit court to re-try a matter which has already been tried before a professional regulatory body expressly created to determine whether the evidence placed before it warrants the revocation or suspension of a dental practitioner's license. Title 46, sections 120 (5) and 120 (22), Code of Alabama 1940 (Recomp. 1958) (Supp. 1973).
Having determined what the legislature did not intend to do when it substituted section 120 (30) for a provision which expressly allowed de novo proceedings upon appeal to a circuit court, it remains the duty of this court to decide what the legislature did intend the circuit court's scope of review to be. *Page 315 
Although we recognize that statutes regulating and safeguarding the practice of professions such as dentistry require that a liberal construction be given these statutes in order that the purpose of their enactment be attained, see
Title 46, section 120 (1), Code of Alabama 1940 (Recomp. 1958) (Supp. 1973), we cannot cast aside our common sense in an effort to arrive at the intent of the legislature in situations where the statutory language used is not precise. And the statutory language of section 120 (30) is not precise. It provides that a circuit court may set aside an order by the dental board revoking or suspending a dental license only if the board's order is unlawful or arbitrary.
Despite the fact that both parties on appeal concede that the use of the word "arbitrary" in section 120 (30) permits a circuit court to set aside the board's action if such action is unsupported by any substantial evidence, Dr. King contends that the word "unlawful" must be construed in such a manner as to enable the circuit court to examine evidence which was not presented at the board's hearing in order for the court to determine if the result of that hearing should be set aside. However, such a construction of the word "unlawful" would in effect permit a trial de novo by the circuit court — a result which, as stated earlier, the legislature could not have intended since it did not expressly provide for a de novo trial in section 120 (30).
Furthermore, the maxim "expressio unius est exclusioalterius," though not a rule of law, is certainly an aid to the interpretation of statutory language. Stated briefly, the maxim stands for the proposition that the expression of one thing is the exclusion of another. In the present case the legislature provided that an order by the dental board would be set aside if it was unlawful or arbitrary. Thus by logical implication the right to a de novo proceeding was excluded by the legislature. Consequently, logic further dictates that if the circuit court is not entitled to re-try the case by means of an entirely new proceeding, then that court must be limited to an examination of the record before the Board of Dental Examiners in reaching its decision on whether the board's action was unlawful or arbitrary.
In delineating a circuit court's scope of review with respect to a party's appeal from an order by a professional regulatory board our legislature has provided a number of alternatives. Generally, however, the court's review is defined in either of two ways. On one hand, the circuit court may be permitted by statute to try the appeal in an entirely new proceeding. On the other hand, statutory provisions may restrict the court to a determination from the record before the professional regulatory board. These entirely contrasting means of reviewing a professional regulatory case must be taken into account when determining what the legislature intended when, as here, it specified neither alternative.
In discussing the maxim of "expressio unius est exclusioalterius," our supreme court in Weill v. State, 250 Ala. 328,34 So.2d 132, stated that the doctrine had application when:
 ". . . in the natural association of ideas, that which is expressed is so set over by way of contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment. . . ."
In regulating dental practitioners the legislature noticeably omitted a provision for a trial de novo in circuit court in section 120 (30) despite the fact that section 120 (30)'s statutory predecessor had expressly mandated such a procedure. Thus, it may be inferred that the legislature intended the review by the circuit court to be treated in an opposite and contrary manner. And the opposite or contrary manner of a review by a trial de novo is a review by examination of evidence actually adduced at the hearing before the professional regulatory board. Accordingly, in deciding whether the dental board's action was unlawful, section 120 (30) must be construed to limit the circuit court to a review of the record before the board. *Page 316 
Moreover, the very term "unlawful" presupposes that there must be an existing law. In this instance the existing law is Chapter 5, Title 46, Code of Alabama 1940, (Recomp. 1958) (Supp. 1973). However, no provision in Chapter 5 permits a circuit court to review extraneous or independent evidence in deciding whether the board's hearing was unlawful. On the other hand, Chapter 5 does require that procedural due process be complied with, Title 46, sections 120 (22) and 120 (29), Code of Alabama 1940 (Recomp. 1958) (Supp. 1973), and the circuit court may properly examine the record taken at the hearing before the board in order to determine if adequate notice of the hearing (including a fair statement of charges) was provided by the board.
Thus we must reject Dr. King's argument that the circuit court may go outside the record before the dental board and admit independent evidence in support of a party's charge that his right to due process was violated in an unlawful manner. Nor may the circuit court modify the severity of the punishment ordered by the board as Dr. King contends. Although the circuit court may examine the manner in which the board reaches its decision to subject a dental practitioner to discipline and set aside the board's decision if it has no substantial basis in law or fact, section 120 (30) does not authorize the circuit court to disregard the board's judgment that a dental practitioner's license should be suspended or revoked. If the record filed with the circuit court demonstrates that the proceedings before the Board of Dental Examiners were conducted in compliance with the procedural due process requirements of Chapter 5, Title 46, section 120 (1) et seq., and such proceedings were not reasonably calculated to deprive a party of fundamental justice, and the board's action was supported by substantial evidence, there is no authority for the circuit court upon review to supplant the board's judgment as to the severity of punishment with its own judgment as to the extent and severity of punishment.
In the case at bar the circuit court exceeded the scope of review authorized in sections 120 (29) and (30) by conducting ade novo hearing and by failing to limit itself to the record made before the board. For this error the judgment of the trial court is reversed and the case remanded for a review within the guidelines set out in this opinion.
On appeal to this court the parties raise two additional issues which merit our consideration. First, counsel for Dr. King argued that Title 46, section 120 (22), Code of Alabama 1940 (Recomp. 1958) (Supp. 1973) should be pronounced unconstitutional on the ground that it is void for vagueness. Secondly, Dr. King's attorney urged that this court declare that the combination of investigative and adjudicative functions reposed in the Board of Dental Examiners effectively denies dental practitioners their right to due process. The basis of this argument is that the conflicting nature of such functions creates an unconstitutional risk that board members will be biased toward those persons whom the board eventually decides to proceed against.
In considering Dr. King's first argument we note that section 120 (22) sets out fifteen separate grounds for which a dentist's (or dental hygienist's) license may be revoked. The sixth ground set forth in this statute is "gross negligence in the practice of dentistry." Dr. King contends that in view of the fact that the dental board revoked his license on this basis, his right to practice was properly reinstated in that the term "gross negligence" is so vague and indefinite that the board should be precluded from making a determination with regard to it. However, we disagree with Dr. King's contention.
Where statutory language is such that it provides a sufficiently definite warning so that the conduct sought to be prohibited may be ascertained or comprehended within the common meaning of words or practices, such language will not be held to be unconstitutionally vague. See Jordan v. De George,341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886; Devine v. Wood,286 F. Supp. 102 (M.D.Ala.). *Page 317 
Pursuant to the aforementioned test (or tests of a similar nature) a number of cases have upheld the validity of statutes which permit revocation of a professional license on the grounds of "incompetency," "gross immorality," and "negligent or wilful" violation of rules promulgated by health authorities. Brinkley v. Hassig, 83 F.2d 351 (10th Cir.);Yoshizawa v. Hewitt, 52 F.2d 411 (9th Cir.); Green v.Blanchard, 138 Ark. 137, 211 S.W. 375; State Board of MedicalExaminers v. Spears, 79 Colo. 588, 247 P. 563; State DentalExaminers v. Savelle, 90 Colo. 177, 8 P.2d 693. Moreover, inLehmann v. State Board of Public Accountancy, 208 Ala. 185,94 So. 94, our supreme court held that a provision warranting revocation of an accountant's certificate for "unprofessional conduct" was not void for indefiniteness or uncertainty. Consequently, we do not believe that the term "gross negligence"[2] is inherently vague to a degree that a provision which uses such language as a ground for disciplinary action must be declared unconstitutional.
Dr. King also argues that members of the dental board were prejudiced in the instant case by earlier complaints which the board had received against him. Accordingly, Dr. King contends that since the board's investigatory function requires that the board members have knowledge of prior complaints these members will be tainted with bias upon any subsequent exercise of the board's quasi-judicial function. Therefore, he argues that the combination of investigative and adjudicative functions exercised by the Board of Dental Examiners is unconstitutional.
In regard to a very similar contention, Withrow v. Larkin,421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712, held that the combination of investigative and adjudicative functions in a regulatory body did not, without more, constitute a violation of due process. In addition, the United States Supreme Court concluded in Withrow that the blending of such functions did not create an unconstitutional risk of bias.
Moreover, the mere fact that a professional regulatory board (which has received legislative authority to investigate and adjudicate charges against members of its profession) has had prior contact with the particular individual or considered other, separate charges against him, is not sufficient, in the absence of some showing to the contrary, to demonstrate that the board's members are biased.[3] See Pangburn v. CAB,311 F.2d 349 (1st Cir.). Indeed, those persons who serve on professional regulatory boards are presumed to be men and women of "conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances," Withrow v. Larkin, supra. And in order to rebut this presumption, a party seeking to demonstrate prejudice or antipathy on the part of one or more board members must show at the outset of (or during) the hearings before the board that the risk of bias is intolerably high or such that there is a substantial temptation on the part of the members sitting in their quasi-judicial capacity to pre-judge the case with regard to any issue to be presented (or actually presented) by the party challenging the board's impartiality. See Withrow v.Larkin, supra.
Thus we conclude that the unification of investigatory and adjudicative proceedings in a professional regulatory board is not constitutionally impermissible. *Page 318 
Furthermore, such a conclusion is even more valid when it is remembered that the decision of the board must be supported by substantial evidence in order to be upheld on appeal to a circuit court.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] The latter evidence involved a deposition by a member of the dental board which was taken after the board's order and introduced during the proceedings in circuit court.
* This case was brought under Chapter 5, Title 46, section 120 (1) et seq., Code of Alabama 1940 (Recomp. 1958) (Supp. 1973). The statutory provisions discussed in this opinion are referenced to sections found in the 1973 supplement to the Alabama Code. However, under the newly revised Code of Alabama the provisions regulating and safeguarding dentists and dental hygienists are now found in Chapter 9, Title 34, section 1 et seq., Code of Alabama 1975. The new Code is effective October 31, 1977.
Nonetheless, the statutory language construed in this opinion has not been revised or changed by the new Alabama Code.
[2] Yoshizawa v. Hewitt, 52 F.2d 411, 413 (9th Cir.) stated:
 "`"Gross negligence" is that entire want of care which would raise a presumption of conscious indifference to consequences; an entire want of care, or such a slight degree of care as to raise the presumption of entire disregard for, and indifference to, the safety and welfare of others; the want of even slight care or diligence.'" (Citations omitted.)
[3] In order to demonstrate that the members of the Board of Dental Examiners are biased, a party who wishes to challenge the board's impartiality may use the discovery procedures provided for in Chapter 5, or testimony of the members themselves (including other persons with relevant information) taken at the hearing before the board.