Kimberly-Clark Corporation appeals from the circuit court's denial of an order directing the department of revenue to certify to the comptroller an amount due the corporation as a tax refund. For the reasons discussed below, this appeal is to be transferred to the Court of Civil Appeals.
Kimberly-Clark filed with the department of revenue applications for refunds it claimed were due on its taxes for the years 1974, 1975, 1976, and 1977. The department of revenue took no action on the application. Kimberly-Clark then proceeded pursuant to § 40-18-43, Code 1975, which provides as follows:
 "In the event the department of revenue fails or refuses to certify to the comptroller the amount of tax due to be refunded, or if it certifies a lesser amount than the taxpayer deems he is entitled to have refunded, the taxpayer may institute a proceeding in the circuit court of Montgomery county in the nature of a mandamus proceeding to require the department of revenue to certify, to the comptroller, the amount due to be refunded to the taxpayer."
By statute, the Court of Civil Appeals has been given "exclusive" jurisdiction of certain cases:
 "The court of civil appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $10,000.00, all appeals from administrative agencies other than the Alabama public service commission, all appeals in workmen's compensation cases, all appeals in domestic relations cases, including annulment, divorce, adoption and child custody cases and all extraordinary writs arising from appeals in said cases." § 12-3-10, Code 1975. (Emphasis added.)
It is apparent that Kimberly-Clark's appeal is not, in the most literal sense, an appeal from an administrative agency, but, instead, an appeal from the circuit court. However, the generally understood meaning of § 12-3-10 has been that the Court of Civil Appeals' exclusive jurisdiction is not limited to a direct appeal from a ruling of an administrative agency. See, e.g., Adair v. Alabama Real Estate Comm'n, 53 Ala. App. 621, 303 So.2d 119 (Ala.Civ.App. 1974), wherein the Court of Civil Appeals held *Page 454 
that it was within that court's jurisdiction under Title 13, § 111 (3), Code 1940, Recomp. 1958 (the predecessor of § 12-3-10) to review a judgment of the circuit court entered following a de novo appeal from an administrative agency.
Section 12-3-10 has been consistently interpreted to give the Court of Civil Appeals exclusive jurisdiction not only of a direct appeal from an agency, but also of an appeal from a judgment of the circuit court where the circuit court has reviewed the action of the agency.
This appeal is within the same exclusive grant of jurisdiction to the Court of Civil Appeals. Adair, supra, recognized that that grant of exclusive jurisdiction covers "appellate review of decisions of administrative agencies," rather than simply literal appeals from those agencies.
We hold that § 12-3-10, in referring to "appeals from administrative agencies," was intended to grant to the Court of Civil Appeals exclusive jurisdiction of all appeals involving the enforcement of, or challenging, the rules, regulations, orders, actions, or decisions of administrative agencies. In the present case the appeal, while in form an appeal from the circuit court's judgment, is in substance, nevertheless, an appeal involving a decision of the department of revenue that no refund was due to the taxpayer.
In adopting this interpretation, we recognize that this Court has heretofore on occasion accepted jurisdiction of appeals from circuit court judgments in cases like this one, where administrative rulings or action was involved, but where the suit had originated in the circuit court without any prior proceeding in the agency. See e.g., McWhorter v. State ofAlabama Bd. of Registration for Professional Engineers and LandSurveyors, 359 So.2d 769 (Ala. 1978).
The holding of this case is a ratification of what we understand to be the import of Kyle v. Board of DentalExaminers of Alabama, 57 Ala. App. 681, 331 So.2d 696
(Ala.Civ.App. 1976). In that case, the board had revoked Kyle's license to practice; instead of appealing from that action, he initiated an action in the circuit court to have the revocation set aside. When he appealed from the circuit court's dismissal of his suit, the appellee contended the appeal should have been taken to the Supreme Court. The Court of Civil Appeals correctly denied a motion to dismiss the appeal, writing:
 "It is . . . clear that the instant appeal is cognizable by this court, inasmuch as the action dismissed by the court below is in effect an appeal from action of an administrative agency." 57 Ala. App. at 684, 331 So.2d at 698.
This present appeal is in effect an appeal from a determination of the department of revenue that Kimberly-Clark is not due a tax refund. As with Kyle, exclusive appellate jurisdiction is in the Court of Civil Appeals.
APPEAL TRANSFERRED TO THE COURT OF CIVIL APPEALS.
All the Justices concur.