PITTMAN, Judge.
This appeal arises from disciplinary proceedings brought by the Board of Dental *26 Examiners of Alabama (“the Board”) against one of its licensees, W.A.A. (“the practitioner”), in October 2012, asserting that the practitioner had violated Ala.Code 1975, § 34-9-18(a)(4) (a portion of the Alabama Dental Practice Act (“ADPA”), Ala. Code 1975, § 34-9-1 et seq.), “by being a habitual user of intoxicants or drugs rendering [him] unfit for the practice of dentistry based upon [his] habit of using controlled substances” (labeled as Count I) and had violated Ala.Code 1975, § 34-9-18(a)(13) (another portion of the ADPA), by prescribing, administering or dispensing drugs or medications for “person[s] not under his ... treatment in the regular practice of his ... profession” (labeled as Count II). After a two-day hearing, which itself had followed significant ancillary litigation in both state circuit courts and a federal district court regarding discovery matters that arose over the course of the administrative proceedings before the Board,[1] the Board rendered an order on October 31, 2013, determining that the practitioner was, in fact, guilty on both counts; that he should pay a $5,000 fine as to each count and a $25,000 assessment for the cost of the administrative proceedings; and that his license should be suspended pending payment of the moneys due and his entrance into a “monitoring agreement” with a Board committee on wellness.
The ADPA provides that, upon the rendition of “any order of the [B]oard imposing any of the penalties found in Section 34-9-18,” Ala.Code 1975, “any party affected thereby may bring an action in the circuit courts to set aside the order on the ground that same is unlawful or arbitrary.” Ala.Code 1975, § 34-9-25. Because the ADPA is silent on the length of time afforded to seek judicial review of disciplinary orders rendered by the Board, this court, in Kyle v. Board of Dental Examiners of Alabama, 57 Ala.App. 681, 331 So.2d 696 (Civ.App.1976), cert. denied, 331 So.2d 699 (Ala.1976), held that, to timely initiate an action under § 34-9-25, “an aggrieved party must ... petition [the circuit court] within a reasonable time.” 57 Ala.App. at 684, 331 So.2d at 698. However, upon the enactment of the Alabama Administrative Procedure Act (“the AAPA”), Ala.Code 1975, § 41-22-1 et seq., the reasonable-time requirement of seeking review under the ADPA was abrogated by the AAPA’s provision of “a period' of 30 days within which to appeal or to institute judicial review” after “the receipt of the notice of or other service of the final decision of the agency.” Ala.Code 1975, § 41-22-20(d). Although the record does not reflect any filings with the Board after the rendition of the disciplinary order, the practitioner has asserted, and the Board does not dispute, that he filed a notice of appeal with the Board on Monday, December 2, 2013, the first business day following the 30th day after his receipt of a copy of the disciplinary order (which had fallen on a weekend). See Ala.Code 1975, § 1-1-4 (pertaining to last day to perform act required by statute when office is closed pursuant to law).
Within 30 days after filing his notice of appeal (see Ala.Code 1975, § 41-22-20(d)), on January 2, 2014, the practitioner brought a civil action in the Tallapoosa Circuit Court seeking judicial review, under § 34-9-25, of thé Board’s disciplinary order.[2] That petition challenged as unrea *27 sonable, arbitrary, capricious, and outside permissible discretion “[t]he discussions and actions of the ... ■ Board,” its wellness committee and the committee’s director, its investigators and prosecutors, and other persons, firms, associates, and, entities involved in the case. On January 31, 2014, the circuit court stayed the effect of the Board’s order, directed the Board to produce a certified copy of its administrative record in the matter, and set oral arguments for March 10, 2014. After -arguments were presented, the practitioner filed a memorandum brief in which, among other things, he contended that the Board’s decision as to Count I, the suspension of his dental license, the imposition of the $5,000 fine as to Count I, and the assessment of $25,000 of administrative costs were due to be reversed; that the circuit court’s “review [was] not ... limited to a scrutinization of the record alone”; that he was “entitled to present evidence which [was] not included in the record to prove the Board’s [d]eeision was unlawful or arbitrary, or that it violates his due process rights”; and that he “reserve[d] the right ... to submit extrinsic evidence to the [circuit court] upon his acquisition of the same.” Although the Board filed a motion to strike that memorandum brief, the Board did not controvert the practitioner’s- argument regarding his right to submit extrinsic evidence.
In April 2014, the practitioner served a notice of deposition upon the Board seeking tó take the deposition of a representative of the Board pursuant to Rules 30(b)(5) and 30(b)(6), Ala. R. Civ. P.; that notice also sought the production' at that deposition of, among other things, “[t]he identity of any persons present and/or the nature, content and procedure of the Board’s deliberations on the charges brought ... against [the. practitioner],” “[t]he identity and content of any documents, recordings, emails, fax-transmittals, letters, correspondences, and/or other extraneous evidence which is [not] contained within the [administrative] record” that “mention, regard and/or in any manner concern [the practitioner] and/or the facts, matters and/or charges brought against [him],” “[a]ny reasons and/or grounds, ... [not] described and/or contained within the Board’s” disciplinary order that “provide a basis for and/or -support any portion(s) of the Order,” and “[a]ny executed and/or nonexecuted drafts of the Board’s” disciplinary order. The Board, in response, filed a. motion to quash or for a protective order, asserting that the discovery sought was “irrelevant and/or immaterial to the matter before [the circuit court] and/or [was] protected by the- executive privilege, deliberative process privilege, attorney-client privilege, and work-product privilege”; the Board also asserted that judicial review was confined to the record and that the practitioner had untimely sought to inject issues of bias and misconduct. Similarly,' the practitioner sought discovery— by serving1 notice of his intent to serve subpoenas directed to the Board’s presiding officer, the Board’s wellness committee and its director, and the drug-treatment clinic that had provided services to the practitioner — of “[a]ny and all documents, correspondences, e-mails, fax transmittals, records or writings of any type and in any form of media ... which evidence, mention and/or refer to any form of communication concerning, regarding and/or relating to [the practitioner] by and/or between any of the” nonparties to which the subpoenas were ' directed. The 'Board moved for a protective order barring the service of the subpoenas on the same grounds as it had objected to the practitioner’s deposition notice and on the additional basis that the materials sought to be discovered were, the Board asserted, privileged and confidential pursuant to Ala.Code 1975, § 34-9- *28 41, and Ala. Admin. Code (Board of Dental Examiners), r. 270-X-1-.08.
The circuit court, on May 13, 2014, rendered a final judgment in the practition-. er’s judicial-review proceeding affirming the Board’s order in its entirety. As a component of its final judgment, the circuit court quashed the practitioner’s deposition notice and his notice of intent to serve nonparty subpoenas. The circuit court explained its reasoning in this manner (emphasis added):
“From the recent flurry of activity in the filing of motions and other [papers], and the content of the same, the court is somewhat concerned about an apparent perception of the role of the circuit court in this matter. By law, the circuit court is to determine if an administrative agency has acted within their statutory power in the entry of a decision, such as the one at hand. The court is limited to a determination of whether there is substantial evidence to support that decision, whether the decision itself is reasonable, and whether there is a rational basis for the conclusions drawn by the administrative agency from the evidence presented.”
The practitioner filed a postjudgment motion to alter, amend, or vacate the judgment quashing his discovery filings and affirming the Board’s order, contending that the “flurry of activity” to which the circuit court had referred amounted to a “lawful and appropriate attempt to conduct discovery pursuant to the Alabama Rules of Civil Procedure and to exercise his right to introduce independent or extraneous evidence to show that the Board acted unlawfully or arbitrarily or in such a manner as to deny due process”; however, the circuit court denied his postjudgment motion.
On appeal, the practitioner asserts that the circuit court’s judgment is erroneous to the extent that the judgment affirms those portions of the Board’s order sustaining Count I of the administrative charges (ia, that count pertaining to the practitioner’s habitual use of drugs rendering him unfit for the practice of dentistry) and the administrative-cost assessment. However, the practitioner, who asserts that he has been improperly presumed throughout the administrative and judicial-review proceedings to be dependent on drugs, also asserts that the circuit court improperly limited the scope of its review of the administrative order and erroneously disallowed discovery that, he says, was tailored to obtain evidence to prove to the circuit court that the Board’s proceedings and order were arbitrary and in violation of his due-process rights.[3] We deem the latter'issue to be dispositive.
In Board of Dental Examiners v. King, 364 So.2d 311 (Ala.Civ.App.1977), this court reversed a circuit court’s judgment overturning as unlawful or arbitrary a disciplinary order that had been entered by the Board against one of its licensees because, we said, the circuit court, under the ADPA, could not properly “go outside the record before the dental board and admit independent evidence in support of a party’s charge that his right to due process was violated in an unlawful manner” in the *29 manner that that circuit court had done (364 So.2d at 316); however, this court’s decision was itself reversed by our supreme court on certiorari review. Ex parte King, 364 So.2d 318 (Ala.1978). Our supreme court stated:
“We cannot agree with the Court of Civil Appeals ... that the circuit court is limited to matters documented in the transcript of the proceedings held before the State Board of Dental Examiners.
“We agree that the [ADPA] does not permit a de novo hearing in the circuit court. However, a dentist disciplined by the Board has a clear right to show by the evidence that the Board’s action denied him due process. All boards, as well as courts, must observe that fundamental right. See Katz v. Alabama State Board of Medical Examiners, 351 So.2d 890 (Ala.1977). And this may be shown by evidence not included in the transcript of the proceedings before the Board. We cannot agree with the Court of Civil Appeals in holding that the [ADPA] precludes the introduction of independent or extraneous evidence in the circuit court to establish a claim that the Board acted unlawfully or arbitrarily or in such a manner as to deny Dr. King due process.”
Id. at 318; see also id. at 319 (Torbert, C.J., concurring specially) (“I agree with the majority that, if denial of due process is alleged, the dentist has a clear right to introduce evidence- not included in the transcript of the proceedings before the Board which tends to establish his claim.”).
After King was decided, the AAPA was adopted; it contains the following statement of the appropriate standard of review in administrative-review proceedings generally:
“In proceedings for judicial review of agency action in a contested case, except where appeal or judicial review is by a trial de novo, a reviewing court shall not itself hear or accept any further evidence with respect to those issues of fact whose determination was entrusted by law to the agency in that contested case proceeding; provided, however, that evidence may be introduced in the reviewing court as to fraud or misconduct of some person engaged in the administration of the agency or procedural irregularities before the agency not shown in the record and the affecting order, ruling, or award from which review is sought, and proof thereon may be taken in the reviewing court.”
Ala.Code 1975, § 41-22-20® (emphasis added). That provision is wholly consistent with the prior holding in Ex parte King as to the scope of judicial review under the ADPA. Although, as the Board notes, that statute also separately provides that a party in a judicial-review proceeding may show, before a final judicial hearing, that additional evidence that is material to the issues before the pertinent administrative agency exists and that a remand to the agency for the taking of that substantive evidence is warranted, the reviewing court’s supervening ability to assess independently any fraud, misconduct, or procedural irregularities not shown in the administrative record is not thereby implicated.
We note that, under Rule 26(b)(1), Ala. R. Civ. P., which governs actions in circuit courts such as that brought by the practitioner (see Rule 1, Ala. R. Civ. P.), “[parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.... if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” As we have noted, Ex parte King holds that evidence that “establishes] a claim that the Board acted unlawfully or arbitrarily or in *30 such a manner as to deny [a licensee] due process” is material and, as a general matter, admissible. 364 So.2d at 318. Thus, in furtherance of both the scope of Rule 26 and the holding of Ex parte King, this court has held that a circuit court errs in denying discovery directed to whether particular disciplinary orders rendered by the Board are unlawful or arbitrary. See Maxwell v. Board of Dental Exam’rs of Alabama, 646 So.2d 136, 137 (Ala.Civ.App.1994) (holding that the circuit court erred .in not allowing extrinsic discovery,, presentation of extrinsic evidence, or briefing relating to practitioner’s claim that the Board’s order was arbitrary).
In this case, the circuit court summarily denied all efforts on .the part of the practitioner to seek discovery directed to whether the Board acted unlawfully or arbitrarily or in such a manner as to deny due process in determining him to be unfit for the practice of dentistry based upon his habit of using controlled substances, stating that that court’s review was limited to a determination of whether there was substantial evidence to support the Board’s decision. Neither Ex parte King nor the AAPA, however, limits the scope of review in the manner suggested by' the circuit court. We conclude that the judgment under review, to the extent that it is not due to be affirmed on the basis of waiver of potential error, see supra note 3, must be reversed and the cause remanded to the circuit court for further' proceedings. On remand, the circuit court should, among other things, determine whether the particular matters sought to be discovered by the practitioner are “reasonably calculated to lead to the discovery of admissible evidence,” Rule 26(b)(1), including evidence admissible under Ex parte King and § 41-22 — 20(i), and, if so, whether those matters are subject to a valid claim of executive, deliberative-process, attorney-client, ■ or work-product privilege, as asserted by the Board in its motions challenging the practitioner’s deposition notice and notice of intent to serve nonparty subpoenas. We pretermit consideration of the remaining issues raised by the practitioner as unnecessary to the resolution of this appeal.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. See generally W.A.A. v. Board of Dental Exam'rs of Alabama, 156 So.3d 973 (Ala.Civ.App.2014).

. The 30th day, January 1, 2014, i.e., New Year’s Day, was a holiday. Thus, the practitioner timely filed his petition for judicial review under § 41-22-20(d) on January 2. See Ala.Code 1975, § 1-1-4.

. Notably, the practitioner did not assert in his brief in the circuit court, and does not assert in his appellate brief, that the Board erred in finding him guilty as to Count II of the charges against him (i.e., that count pertaining to the practitioner’s prescribing drugs or medications for persons not under his dental treatment). Thus, to the extent that the circuit court's judgment affirmed the Board's finding of guilt and its assessment of a $5,000 fine as to Count II against the practitioner, we affirm .that judgment on the authority of Thompson v. United Cos. Lending Corp., 699 So.2d 169, 171 (Ala.Civ.App.1997) (citing Leisure Am. Resorts, Inc. v. Knutilla, 547 So.2d 424, 425 n. 2 (Ala.1989)).