BRADLEY, Judge.
This appeal is from the denial of a motion for rehearing in an ad valorem tax case.
The present case began when the plaintiff, Charles R. Ezell, instituted a class action suit pursuant to Rule 23, Alabama Rules of Civil Procedure, against various state and local tax officials. The plaintiff’s class sought a declaratory judgment regarding the appropriate ad valorem tax base of various properties owned by class members in Sumter County, Alabama. The plaintiff’s class also sought a court order requiring the reassessment of all relevant property values for all years in which property belonging to class members had been improperly assessed and requiring the defendants to refund all amounts improperly collected.
The circuit court certified the class on August 10, 1984, and subsequently entered summary judgment for the plaintiff’s class with respect to the defendants’ liability for overcharges occurring during 1979, 1980, and 1981. The circuit court’s decree ordered the Sumter County Tax Assessor to produce a schedule of values actually imposed upon property belonging to class members during those years. Defendant Sumter County Commission filed a motion *60 to amend the judgment pursuant to Rule 59(e), A.R.Civ.P., on January 22, 1985, alleging that all claims arising during 1979 were barred by the statute of limitations. On March 26, 1985 the circuit court entered an amended order deleting the defendants’ liability for taxes collected in 1979. Final judgment was entered on the amended order on August 30, 1985.
Defendant Sumter County Commission (Sumter County) thereafter filed separate motions for rehearing on October 15 and October 17. Both motions requested that the aspect of the August 30,1985 judgment awarding interest on the tax refunds be set aside and a rehearing be given Sumter County. The principal ground for the motions was that the court had no authority to award interest on tax refunds absent specific statutory authority and that no such authority existed. Additionally, the October 17,1985 motion alleged that the court’s judgment awarding interest was void. Both motions alleged that they were filed pursuant to Rule 60(b), Alabama Rules of Civil Procedure.
After a hearing the trial court, on December 9, 1985, overruled the motions, principally on the ground that they were motions for new trial pursuant to Rule 59, A.R.Civ.P., and were filed too late. The final judgment was filed on August 30, 1985 and the motions in controversy were not filed until October 15 and 17, 1985.
Sumter County appealed the trial court’s order of December 9, 1985 overruling its motions for rehearing.
Plaintiff has filed a motion in this court asking that Sumter County’s appeal be dismissed because it is untimely.’ After careful review, we conclude that the appeal is untimely and must be dismissed.
Plaintiff, in support of the motion to dismiss the appeal, argues that Sumter County actually sought to have that aspect of the August 30, 1985 judgment awarding interest on the refunds set aside and a new trial granted pursuant to Rule 59(a) and (e), A.R.Civ.P. He argues that Sumter County’s allegation in the motions that relief is being sought pursuant to Rule 60(b) does not make the motions 60(b) motions in the absence of grounds seeking such relief.
Sumter County replies that its motions were really motions for relief from judgment pursuant to Rule 60(b), A.R.Civ.P. It argues that that part of the August 30, 1985 judgment in question was void and, therefore, should have been nullified by the trial court. Sumter County says that the trial court was without subject matter jurisdiction because it had no authority to award interest on the tax refunds.
A postjudgment motion seeking to have a final judgment vacated and a new trial granted pursuant to Rule 59, A.R.Civ.P., must be filed within thirty days of the final judgment. Rule 59, A.R.Civ.P.
In the present case Sumter County filed motions seeking to have a part of the final judgment set aside and to be awarded a new trial. The basis for such motions was that the trial court was without authority to award interest on the tax refunds granted in this instance.
In effect, Sumter County was asking for a reversal of the final judgment on the ground that the trial court had erroneously awarded plaintiff interest on his judgment. In other words, the motion asserted a ground for a new trial and thereafter an appeal, i.e., the judgment was wrong because it had no legal basis. Simmons v. Simmons, 390 So.2d 622 (Ala.Civ.App.), cert. denied, 390 So.2d 624 (Ala.1980).
We therefore conclude that Sumter County was seeking to have a portion of the trial court’s order set aside and a new trial awarded pursuant to Rule 59, A.R. Civ.P., and that these motions were untimely filed and the time for appeal from the final judgment began to run on August 30, 1985. Simmons v. Simmons, supra. The appeal was filed on December 9, 1985, which was more than forty-two days after the final judgment, and it is too late.
*61 In an attempt to avoid the above result, Sumter County argues that its motions were actually Rule 60(b) motions rather than Rule 59 motions and that the appeal from the order overruling them was timely. The basis for this argument is the allegation in the second motion that the award of interest results in a void judgment. We do not agree with this argument.
A judgment cannot be void when the court has jurisdiction of the parties and the subject matter. Raine v. First Western Bank, 362 So.2d 846 (Ala.1978). There is no contention that the court did not have jurisdiction of the parties, hence we will confine ourselves to whether the court had subject matter jurisdiction.
The contention by Sumter County is that the trial court erroneously decided that it had authority to award interest in the circumstances of this case and, therefore, its judgment is void.
Section 40-7-45, Code 1975, authorizes the circuit court to accept and decide appeals involving disputes relating to the imposition of ad valorem taxes. Although the plaintiff in this proceeding sought declaratory relief rather than pursue the appeal procedure provided by statute, the dispute in this case arose out of the amount of ad valorem taxes that were assessed and collected by the responsible authorities, including Sumter County. Hence, it would appear that the Circuit Court of Sumter County had subject matter jurisdiction of this dispute.
The issue actually raised by the motions then is that the trial court’s judgment is erroneous, i.e. an attack on the judgment itself; not that the trial court did not have jurisdiction to render the judgment. Simmons v. Simmons, supra. Viewing the issue in this light leads us to conclude that the trial court properly treated the motions as postjudgment motions filed pursuant to Rule 59 rather than Rule 60(b). Consequently, the motions were filed too late and the appeal must be dismissed. See, Carnes v. Carnes, 365 So.2d 981 (Ala.Civ.App.), cert. denied, 365 So.2d 985 (Ala.1978).
APPEAL DISMISSED.
WRIGHT, P.J., and HOLMES, J., concur.