PER CURIAM.
The State appeals from a summary judgment in favor of Tuskegee University (“the University”) by the Macon Circuit Court.[1] The trial court held that the Kellogg Center (“the Center”), a facility owned by the University, was exempt from ad valorem taxation because it is used for educational purposes. The State claims that the trial court erred in entering the summary judgment because, it argues, the Center is not used exclusively for purposes of education. Be *618 cause this appeal falls within the exclusive appellate jurisdiction of the Court of Civil Appeals, we transfer the appeal to that court.
I.
The Center, which opened for business in February 1994, consists of administrative offices for the Center; offices of the University’s Continuing Education Program and its Cooperative Extension Program; a classroom and offices for the University’s Hospitality Management Program; a conference facility that includes meeting rooms and a 300-seat auditorium; and a hotel facility that includes 110 guest rooms and suites. In January 1996, the Macon County revenue commissioner assessed an ad valorem tax on the Center for the 1995 tax year. The University objected, by letter, notifying the revenue commissioner that it considered the assessment inappropriate because, it said, the Center was owned and financed by the University, a nonprofit tax-exempt organization. In April 1996, the revenue commissioner informed the University that his office had erred in making the assessment and that the Center was in fact exempt from ad valorem taxation. However, after an audit by the Examiners of Public Accounts, the revenue commissioner informed the University that the Center was not exempt from ad valorem taxation because it was not used exclusively for educational purposes. Therefore, the revenue commissioner notified the University that it owed ad valorem taxes in the amount of $106,556 for the 1995 tax year and $96,553 for the 1996 tax year.
In January 1997, the University appealed both assessments to the Macon Circuit Court. The State and the University both moved for a summary judgment. After a hearing, the trial court entered a summary judgment in favor of the University, finding that the Center is used for educational purposes and holding that it is therefore exempt from ad valorem taxation. The State appealed.
In July 1998, this Court entered an order transferring this appeal to the Court of Civil Appeals, based on a determination that is was within that court’s jurisdiction. However, on the State’s motion to reconsider the transfer, this Court rescinded that transfer order so that it could address the jurisdictional issue in an opinion.
II.
The State maintains that this Court has jurisdiction over this appeal because, it says: (I) Ala.Code 1975, § 40-3-25, permits the State or the taxpayer to appeal directly to this Court from the judgment of the circuit court; and (2) the University is not challenging an action by the Department of Revenue but rather an action by the taxing authority of Macon County.
A.
The State contends that § 40-3-25 provides this Court with jurisdiction over appeals from judgments of the circuit court concerning ad valorem tax assessments. Section 40-3-25 provides in pertinent part:
“All appeals from the rulings of the board of equalization fixing value of property shall be taken within 30 days after the final decision of said board fixing the assessed valuation as provided in this chapter.... If from all the evidence the [circuit] court is of the opinion that the valuation is either too high or too low, it shall render a judgment fixing such valuation as it may deem fit. The circuit court shall so far as practicable hear such appeals according to the general rules and procedure of courts, but, when acting under this chapter or acquiring jurisdiction as provided herein, it shall have no power to enjoin or suspend the collection of any taxes due. It shall decide all questions as to the legality of the assessment and the valuation of the property.... From the judgment of the circuit court, either the state or the taxpayer may appeal directly to the Supreme Court of Alabama within 42 days of the entry of such judgment.”
(Emphasis added.) The language of this statute makes it clear that appeals may be made directly to this Court only where the valuation of property is at issue. See City of Ozark v. Trawick, 604 So.2d 360, 363 (Ala.1992) (“Where assessment and valuation of property are not at issue, § 40-3-25 does not apply. In this case, the valuation of property *619 is not at issue. Therefore, § 40-3-25 is not applicable.”). Accordingly, because the valuation of the Center is not at issue in this case, § 40-3-25 does not give this Court jurisdiction of this case.
B.
The State recognizes that Ala.Code 1975, § 12-3-10, gives the Court of Civil Appeals exclusive jurisdiction over all appeals from administrative agencies other than the Alabama Public Service Commission. Section 12-3-10 provides:
“The Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,-000, all appeals from administrative agencies other than the Alabama Public Service Commission, all appeals in workers’ compensation cases, all appeals in domestic relations eases, including annulment, divorce, adoption, and child custody cases and all extraordinary wilts arising from appeals in said cases.”
(Emphasis added.) This Court has interpreted this statute as follows:
“We hold that § 12-3-10, in referring to ‘appeals from administrative agencies,’ was intended to grant to the Court of Civil Appeals exclusive jurisdiction of all appeals involving the enforcement of, or challenging, the rules, regulations, orders, actions, or decisions of administrative agencies. In the present case the appeal, while in form an appeal from the circuit court’s judgment, is in substance, nevertheless, an appeal involving a decision of the department of revenue that no refund was due to the taxpayer.”
Kimberly-Clark Corp. v. Eagerton, 433 So.2d 452, 454 (Ala.1983) (emphasis added). Thus, the University’s challenge of the decision of the Macon County revenue commissioner to deny it an exemption from ad valorem taxation would appear to fall within the exclusive appellate jurisdiction of the Court of Civil Appeals.[2]
. However, the State argues that this Court has jurisdiction to hear this appeal because, it says, this ease does not involve an appeal from a decision of the Department of Revenue, but, instead, involves a challenge to the taxing authority of Macon County. We disagree.
The Macon County revenue commissioner assessed an ad valorem tax on the Center. The University objected to the tax, asserting that it was exempt from such taxation under Art. IV, § 91, of the Constitution of Alabama of 1901, as well as under § 10 of the Charter of Tuskegee University. After an audit by the Examiners of Public Accounts, the revenue commissioner rejected the University’s argument and held that the Center was not exempt from ad valorem taxation, because, the commissioner concluded, the University’s use of the Center failed to meet the “exclusively educational” requirement for exemption. Although the University’s claim of exempt status could be termed a challenge to the taxing authority of Macon County, the appeal of a disallowance of an exemption certainly “involv[es] the enforcement of, or [a] challeng[e][to] the rules, regulations, orders, actions, or decisions of,” the Macon County revenue commissioner. Kimberly-Clark Corp., 433 So.2d at 454.
There is no question that the Department of Revenue is an administrative agency of the State of Alabama.[3] The disallowance of an exemption by the Macon County revenue commissioner is subject to the “general and complete supervision and control” of the De *620 partment of Revenue. Ala.Code 1975, § 40-2-ll(l).[4] Thus, the University’s appeal of the disallowance is in effect a challenge to an action or a decision of the Department of Revenue. Accordingly, this appeal falls within the exclusive appellate jurisdiction of the Court of Civil Appeals over “all appeals from administrative agencies other than the Alabama Public Service Commission.” Ala.Code 1975, § 12-3-10.
III.
The University’s appeal of a disallowance of an ad valorem tax exemption by the Macon County revenue commissioner is a challenge to an action by an administrative agency. Because the Court of Civil Appeals has exclusive appellate jurisdiction of all appeals from administrative agencies other than the Alabama Public Service Commission, this appeal falls within the exclusive appellate jurisdiction of that court.
APPEAL TRANSFERRED TO THE COURT OF CIVIL APPEALS.
HOOPER, C.J., and MADDOX, HOUSTON, KENNEDY, COOK, SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.

. This appeal was originally styled "R.E. Corbitt, Jr., Revenue Commissioner, Macon County, Alabama, Assessing Official v. Tuskegee University, Property Owner.” Because the State of Alabama and the taxpayer are the only proper parties to an appeal of an ad valorem tax assessment, the Macon Circuit Court entered an order styling the case, "State of Alabama v. Tuskegee University.”

. We note that this Court has previously addressed appeals from the circuit court involving exemptions from ad valorem taxation. See Mingledorff v. Vaughan Reg’l Med. Center, Inc., 682 So.2d 415 (Ala.1996); Most Worshipful Grand Lodge of Free & Accepted Masons of the State of Alabama v. Norred, 603 So.2d 996 (Ala.1992); Crim v. Phipps, 601 So.2d 474 (Ala.1992). However, the issue of this Court’s appellate jurisdiction was not raised in those cases.

. "Administrative agency” is defined as:
"A governmental body charged with administering and implementing a particular legislation. Examples are worker’s compensation commissions; [the] Federal Trade Commission; tax commissions; public service commissions; and the like. In addition to ‘agency’, such governmental bodies may be called commissions, corporations (e.g. [the] F.D.I.C.), boards, departments, or divisions.”
Black’s Law Dictionary 45 (6th ed.1990) (citations omitted).

. Ala.Code 1975, § 40-2-11(1), provides that the Department of Revenue shall have the duty, power, and authority:
"(1) To have and exercise general and complete supervision and control of the valuation, equalization, and assessment of property, privilege, or franchise and of the collection of all property, privilege, license, excise, intangible, franchise, or other taxes for the state and counties, and of the enforcement of the tax laws of the state, and of the several county tax assessors and county tax collectors, probate judges, and each and every state and county official, board, or commission charged with any duty in the enforcement of tax laws, to the end that all taxable property in the state shall be assessed and taxes shall be imposed and collected thereon in compliance with the law and that all assessments on property, privileges, intangibles, and franchises in the state shall be made in exact proportion to the fair and reasonable market value thereof in substantial compliance with the law_”