[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10297
Non-Argument Calendar

_____

D.C. Docket No. 5:14-cv-01996-AKK

DONALD RICHARD TERRY,

Plaintiff-Appellant,

versus

RON CRAWFORD,
in his public and private capacities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(July 8, 2015)

Before WILLIAM PRYOR, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Donald Terry owns real property in Jackson County, Alabama. He acquired the property in 2006 and has paid ad valorem taxes on the property since that time. At some point, allegedly, Terry learned that Ron Crawford, the Revenue Commissioner for Jackson County, Alabama, had changed the classification of his property from private use to commercial use. After sending several open-records requests and meeting with Crawford, Terry filed suit in federal court under 42 U.S.C. §§ 1983 and 1986 against Crawford, in his individual and official capacities, raising various claims under state and federal law.

In broad terms, Terry alleged that Crawford had acted beyond the scope of his office and in violation of the Alabama Tax Code by changing the classification of Terry's property and, as a result, improperly assessing ad valorem taxes. As relief, Terry requested that the federal district court remove Terry's property from the tax rolls, enjoin Crawford from further unlawful activity, and award Terry $10 million in damages. The court dismissed the action for lack of subject-matter jurisdiction, concluding that Terry's challenge was barred by the Tax Injunction Act, 28 U.S.C. § 1341. Specifically, the court found that Terry's "action as a whole is based entirely on the premise that his property should not be assessed ad valorem taxes," and that the Alabama Declaratory Judgment Act, Ala. Code § 6–6–223, provided an adequate remedy under state law. Terry now appeals.

2

"The Tax Injunction Act is a jurisdictional rule and constitutes a broad jurisdictional barrier." *I.L. v. Alabama*, 739 F.3d 1273, 1282 (11th Cir.), *cert. denied*, 135 S. Ct. 53 (2014) (internal quotation marks omitted).  We review *de novo* the district court's interpretation of the Tax Injunction Act, and we review for clear error its factual findings regarding jurisdiction.  *Id.*

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  The Act's "overarching purpose [is] to impede federal court interference with state tax systems."  *Miami Herald Publ'g Co. v. City of Hallandale*, 734 F.2d 666, 670 (11th Cir. 1984).  It is well settled that "the Tax Injunction Act will bar the exercise of federal jurisdiction if two conditions are met:  (1) the relief requested by the plaintiff will enjoin, suspend, or restrain a state tax assessment and (2) the state affords the plaintiff a plain, speedy and efficient remedy."  *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984) (internal quotation marks omitted).

As to the first condition, it is clear from Terry's complaint, despite his assertions to the contrary, that he sought to enjoin a state tax assessment.  Terry specifically requested that the federal district court remove his property from the tax rolls and enjoin Crawford from unlawfully assessing ad valorem taxes on his

property.  In other words, Terry sought a federal-court order "enabling [him] to avoid paying state taxes," which is the type of case "Congress wrote the Act to address."  *Hibbs v. Winn*, 542 U.S. 88, 107, 124 S. Ct. 2276, 2289 (2004).  Terry contends that this action is about Crawford's abuse of power, an issue external to the state tax system, and not a challenge to the system itself.  But, however the action is characterized, Terry requested federal-court relief to avoid paying state taxes, which "would have operated to reduce the flow of state tax revenue," so the Tax Injunction Act applies.  *See id.* at 106-07, 124 S. Ct. at 2288-89.

As to the second condition, the touchstone for assessing the adequacy of a state remedy is whether it "provides the taxpayer with a full hearing and judicial determination at which [he] may raise any and all constitutional objections to the tax."  *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514, 101 S. Ct. 1221, 1230 (1981) (internal quotation marks omitted); *see also Amos v. Glynn Cnty. Bd. of Tax Assessors*, 347 F.3d 1249, 1255 (11th Cir. 2003).  We have explained that state remedies must "meet certain minimal procedural criteria," but we "eschew any analysis of their substantive sufficiency so long as a complainant has some opportunity to raise his constitutional objections."  *Amos*, 347 F.3d at 1257 (internal quotation marks omitted).

Here, Terry has not shown that Alabama state law fails to provide an adequate means through which he may challenge the allegedly improper

4

assessment. *Amos*, 347 F.3d at 1256 ("[T]he burden rests on the plaintiffs to show facts sufficient to overcome the jurisdictional bar of the Tax Injunction Act."). First, it appears that a declaratory-judgment proceeding provides an adequate remedy. The Alabama Declaratory Judgment Act provides, "Any person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder." Ala. Code § 6–6–223. Although this Court in *Williams* held that a declaratory-judgment proceeding did not provide an adequate remedy to challenge assessments for municipal improvements in Alabama, this case is distinguishable from *Williams*. In *Williams*, Alabama law statutorily restricted the scope of inquiry by the court and the court's ability to fashion relief on challenges to assessments for municipal improvements. But Alabama law does not appear to statutorily limit the means of challenging an ad valorem tax assessment. *See Williams*, 745 F.2d at 1413 (noting that Alabama courts have disapproved of the use of a declaratory-judgment proceeding when a statutory procedure is the exclusive method of review); *Eagerton v. Williams*, 433 So. 2d 436, 447-49 (Ala. 1983) (explaining that taxpayers do not necessarily need to exhaust statutory remedies when "challenging the [ad valorem] assessment procedure employed by [defendants] as void and illegal" and indicating that a declaratory-judgment suit could be brought).

Second, even if a declaratory-judgment proceeding would not provide an adequate remedy, the Alabama Code appears to provide an independent, adequate statutory remedy in this situation.  *See Long v. Comm'r, Internal Revenue Serv.*, 772 F.3d 670, 675 (11th Cir. 2014) (stating that "we may affirm on any ground that finds support in the record").  Specifically, § 40–7–45 of the Alabama Code provides that a taxpayer may appeal to the circuit court "[f]rom any final assessment or valuation of property for taxation made by any officer, board, or commission, when no other specific mode of appeal to or review by the circuit court of such assessment or valuation is provided."  Ala. Code § 40–7–45.[1]  Under § 40–7–45, the circuit court may "accept and decide appeals involving disputes relating to the imposition of ad valorem taxes."  *Sumter Cnty. v. Ezell*, 496 So. 2d 59, 61 (Ala. Ct. Civ. App. 1986).  The court may determine both the facts and the law at a bench trial on the appeal, unless a jury trial is demanded.  Ala. Code § 40–7–47.

Terry has not presented any factual allegations or argument showing why either of these remedies is inadequate.  It is his burden to do so.  *See Amos*, 347 F.3d at 1256.  Therefore, we conclude that Terry has not overcome the

---

[1] Crawford also points to Ala. Code § 40–3–25 and related provisions, which state that a taxpayer may object "to the taxable value fixed by the board of equalization on any property assessed against such taxpayer," and, if the board overrules the objection, the taxpayer may then appeal to the circuit court of the county in which the property is located.  However, these provisions appear to apply only when valuation of the property is at issue, so they would not seem to apply in this case.  *See State v. Tuskegee Univ.*, 730 So. 2d 617, 618-19 (Ala. 1999).

jurisdictional bar of the Tax Injunction Act, and we affirm the district court's dismissal of Terry's federal claims for lack of subject-matter jurisdiction. We also affirm the court's dismissal without prejudice of Terry's remaining claims under state law. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Since the district court lacked jurisdiction over Terry's federal claims as a result of the Tax Injunction Act, though, those claims should have been dismissed *without* prejudice. *See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1235 (11th Cir. 2008) (where the district court lacks subject-matter jurisdiction over the complaint, it "ha[s] no power to render a judgment on the merits," so the complaint should be dismissed without prejudice). Because the court's order reflects that the dismissal was *with* prejudice, we vacate in part and remand with instructions that the district court reenter its judgment accordingly.

**AFFIRMED IN PART AND REMANDED IN PART.**

7