DONAlLDSON, Judge,
dissenting.
Target Corporation (“Target”) contends that its appeal to the Jefferson Circuit Court (“the trial court”) of ad valorem tax assessments made by the Jefferson County Board of Equalization (“the Board”) was properly perfected pursuant to the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975, and, therefore, was not subject to dismissal. The Board contends that the AAPA does not apply to Target’s appeal, that the procedure set out in § 40-3-25, Ala.Code 1975, is the only procedure for taking such an appeal, and that Target’s failure to comply with that statute required the trial court to dismiss the appeal. The application, if any, of the AAPA to appeals from ad valorem tax assessments was not addressed in Ex parte Shelby County Board of Equalization, 159 So.3d 1 (Ala.2014), presumably because the taxpayer in that case did not raise the issue and because the parties argued that case solely on the basis that § 40-3-25 was the only applicable statute. I agree that Target did not fully comply with § 40-3-25 and that the judgment of the trial court should be affirmed if the AAPA does not apply. However, because I believe that Target has established that the AAPA does apply and that its appeal was properly perfected, I respectfully dissent. Accordingly, I would reverse the trial court’s judgment dismissing Target’s appeal.
A specific purpose of the AAPA is “[t]o simplify the process of judicial review of agency action as well as increase its ease and availability.” § 41-22-2(b)(7),> Ala. Code 1975. In enacting the AAPA, the legislature “intended to provide a minimum procedural code for the operation of all state agencies when they take action affecting the rights and duties of the public.” § 41-22-2(a). The legislature further directed that the AAPA is to be “construed broadly to effectuate its purposes.” § 41-22-25(a), Ala.Code 1975. The term “construed broadly” is not defined in the AAPA, but I would equate it with a “liberal” construction, defined in Black’s Law Dictionary 945 (10th ed.2014) (under the entry for “liberal interpretation”), as a construction that
“ ‘expands the meaning of the statute to embrace cases which áre clearly within the spirit or reason of the law, or within the- evil which it was designed to remedy,: provided such an interpretation is not inconsistent -with the language used. It resolves all reasonable doubts in favor of the applicability of the statute to the particular case.’ William M. Lile et al., Brief Making and the Use of Law Books 343 (Roger W. Cooley & Charles-Lesley Ames eds., 3d ed.1914).”
Section 41-22-20, Ala.Code 1975, a part of the AAPA, provides, in part: “A person who has exhausted all administrative remedies available within the agency, other than rehearing, and who, is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.” § 41-22-20(a). The AAPA applies to the perfection of the appeal in this case if, as defined by the AAPA, Target is considered a person, the Board is a covered agency, and the underlying proceeding was a contested cáse. 1 note that before July 1, 1993, § 41-22-20(b) provided as follows:
“Except in matters for which judicial review is otherwise provided by law, all proceedings for review may be instituted by filing of notice of appeal or review and a cost bond with the agency.”
(Emphasis added.) Act No. 93-627, Ala. Acts 1993, which became effective on July 1,1993, amended this subsection to remove the limiting, clause emphasized .in the above quote, and the subsection now begins with “[a]ll proceedings.” Section 41-22-25(a) further provides, in part:
*1010 “Except as expressly provided otherwise by this chapter or by another statute referring to this chapter by name, the rights created and the requirements imposed by this chapter shall be in addition to those created or imposed by every other statute in existence on the date of the passage of this chapter or thereafter enacted. If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter.”
See Ex parte Varner, 571 So.2d 1108, 1109 (Ala.1990) (interpreting the AAPA as providing procedural rights in addition to those provided any other statute). Therefore, if the AAPA is applicable, the provisions of § 40-3-25 and § 41-22-20 are not mutually exclusive; - however, because the AAPA provides more procedural rights than § 40-3-25, Target’s appeal would be timely if it complied with the provisions of the AAPA in perfecting the appeal.
To answer the question, we must examine what constitutes a person, an agency, and a contested case. The AAPA defines a person as “[a]ny individual, partnership, corporation, association, governmental subdivision, or public or private organization of any character other than an agency.” § 41-22-3(7), Ala.Code 1975. Unquestionably, Target meets the definition of a person in the AAPA.
The next issue to be resolved is whether Target is attempting to appeal from a decision of an agency as defined in the AAPA. In § 41-22-3(1), the AAPA defines an “agency” as:
“Every .board, bureau, commission, department, officer, or other administrative office or unit of the state, including the Alabama Department of Environmental Management, other than the Legislature and its agencies, the Alabama State Port Authority, the courts, the Alabama Public Service Commission, or the State Banking Department, whose administrative procedures are governed by Sections 5-2A-8 and 5-2A-9[, Ala.Code 1975]. The term shall not include boards of trustees of postsecond-ary institutions, boards of plans administered by public pension systems, counties, municipalities, or any agencies of local governmental units, unless they are expressly made subject to this chapter by general or special law.”
The Board is an entity created pursuant to § 40-3-1, Ala.Code 1975, which provides, in pertinent part, that “[t]here shall be in each county in the State of Alabama a county board of equalization, to consist of three members, each of whom shall have been a resident of the county in which he is to serve for at least five years.” The Board is subject to the complete control and supervision of the State Department of Revenue pursuant to § 40-2-11(1), Ala. Code 1975, which vests the Department of Revenue with authority
“[t]o have and exercise general and complete supervision and control of the valuation, equalization, and assessment of property, privilege, or franchise and of the collection of all property, privilege, license, excise, intangible, franchise, or other taxes for the state and counties, and of the enforcement of the tax laws of the state, and of the several county tax assessors and county tax collectors, probate judges, and each and every state and county official, board, or commission charged with any duty in the enforcement of tax laws, to the end that all taxable property in the state shall be *1011 assessed and taxes shall be imposed and collected thereon in compliance with the law and that all assessments on property, privileges, intangibles, and franchises in the state shall be made in exact proportion to the fair and reasonable market value thereof in substantial compliance with the law.”
In actions for judicial review of final assessments of value rendered by boards of equalization, “[t]he district attorneys, together with any special counsel employed by the Department of Revenue, with the approval of the Governor and Attorney General, shall represent the state and county in all tax cases appealed to the circuit court.” § 40-3-26, ■ Ala.Code 1975.
“There is no question that the Department of Revenue is an administrative agency of the State of Alabama.” State v. Tuskegee Univ., 730 So.2d 617, 619 (Ala.1999). In Tuskegee University, the Macon County revenue commissioner assessed an ad valorem tax on a building owned by Tuskegee University (“the University”). The University appealed the revenue commissioner’s assessment to the Macon Circuit Court, which entered a summary judgment, in favor of the University. The State appealed that judgment to the supreme court, which transferred the appeal to this court, holding that
“[t]he disallowance of an exemption by the Macon County revenue commissioner is subject to the ‘general and complete supervision and control’ of the Department of Revenue. Ala.Code 1975, § 40-2-11(1). Thus, the University’s appeal of the disallowance is in effect a challenge to an action or a decision of the Department of Revenue. Accordingly, this appeal falls within the exclusive appellate jurisdiction of the Court of Civil Appeals over ‘all appeals from administrative agencies other than the Alabama Public Service- Commission.’ Ala. Code 1975, § 12-3-10.”
730 So.2d at 619-20 (footnote omitted; emphasis added). Similarly, in this case, the Board’s valuation of Target’s property that is the subject matter of the appeal is subject to the “general and complete supervision and control” of the State Department of Revenue.
Perhaps most, importantly, the State of Alabama was permitted to intervene in this case in the trial court, asserting in the motion to intervene that “[t]he county board of equalization is merely a tribunal, similar to a court that determines the valuation of property. Indeed, when a taxpayer protests a taxable valuation of his or her property, the parties before the Board are the taxpayer and the State of Alabama.” The State also represented that it had exclusive and final control over the valuation determinations involved.
The Board argues, in its brief to this court, that it “is a local body rather than a state agency.” Yet, in its motion to intervene, the State asserted that the underlying proceedings and the appeal to the trial court involved only issues between a State agency (the Department of Revenue) and the taxpayer (Target). The decision issued through the Board, referred to as a “tribunal” by the State, was subject to “the. ‘general and complete supervision and control’ of the Department of Revenue,” which is an administrative agency and therefore subject to the AAPA. State v. Tuskegee Univ., 730 So.2d at 619-20. The appeal is from a decision made, for all practical purposes, by the State Department of Revenue. Therefore, if the AAPA is “construed broadly,” as required by § 41-22-25(a), I conclude that the decision Target appealed from is one made by the Department of Revenue, an agency of the State as defined in § 41-22-3(1).
*1012 Target argues that the proceedings were a contested case, which is defined in § 41-22-3(3) as:
“A proceeding, including but not restricted to ratemaking, price fixing, and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing. The term shall not include intra-agency personnel actions; shall not include those hearings or proceedings in which the Alabama Board of Pardons and Paroles considers the granting or denial of pardons, paroles or restoration of civil and political 'rights or remission of fines and forfeitures; and which are exempt from Sections' 41-22-12 through 41-22-21, [Ala.Code 1975,] relating to contested cases!” ■
Target argues in its brief that the tax-assessment proceedings in this, case met the definition of á “contested case” because it was, it says, entitled to a hearing before its tax obligation, was established. See § 40-3-19, Ala.Code 1975 (providing for an opportunity for a hearing on ad valorem tax assessments “on the date specified by the Department of Revenue”). That assertion -is not specifically refuted by the Board; rather, the Board argues that the AAPA does not apply to the appeal to the trial court under any circumstances. Accordingly, at least for purposes of analyzing whether the motion to dismiss should have been granted, assuming the other provisions of the AAPA were met, Target sufficiently established that the underlying proceedings were a “contested case.”
I conclude that-Target established the applicability of the AAPA for the purposes of determining the procedure of- appealing to the trial court. The next question is whether Target properly perfected the appeal under the AAPA. To perfect an appeal to the circuit court under the AAPA, the taxpayer must follow the procedures set out in § 41 — 22—20(d), which provides, in pertinent part:
“The notice of appeal or review shall be filed within 30 days after the receipt of the notice of or other service of the final decision of the agency upon the petitioner or, if a rehearing is requested under Section 41-22-17, [Ala.Code 1975,] within 30 days after the receipt of the notice of or other service of the decision of the agency thereon. The petition for judicial review in the circuit court shall be filed within 30 days after the filing of the notice of appeal or review. Copies of the petition shall be served upon the agency and all parties of record.”
Target filed a notice of appeal in the trial court on September 27, 2013, which was within 30 days of receipt of the Board’s decision. It is undisputed that, on that same date, Target mailed a copy of its notice of appeal addressed to the “Secretary of the Jefferson County Board of Equalization” via certified mail with the United States Postal Service, with return receipt requested, postmarked on September 27, 2013, and that the copy was received by an employee of the Board who signed for the eertified-mail receipt on October 1, 2013. Section 41-22-20(d) further provides:
“Any notice required herein which is mailed by the petitioner, certified mail return receipt requested, shall be deemed to have been filed as of the date it is postmarked.. This section shall apply to judicial review from the final order or action of all agencies, and amends the judicial review statutes relating to all agencies to provide a period of 30 days within which to appeal or to institute judicial review.”
The Board argues .that, although Target filed the notice of appeal in the trial court in a timely manner, Target failed to prop *1013 erly serve the Secretary of the Board as required by § 40-3-25: “The taxpayer shall file notice of said appeal with the secretary of the board of equalization and with the clerk of the circuit court.” The Board asserts that the County Tax Assessor is the Secretary of the Board pursuant to Ala.Code § 40-3-6. The Board argues that “service on a secretary at the Board of Equalization cannot be deemed to be service on the Secretary of the Board of Equalization.” (Emphasis in original.) I note first that Target did not send a copy of the notice to “a” secretary of the Board as that term would generically describe an employee performing secretarial duties. Instead, Target addressed the document to “Secretary” and sent it to the Board’s address. Section 40-3-25 does not contain a description of what act constitutes “filing” the required notice.. Again, the AAPA provides: .
“Copies of the petition shall be served upon the agency and all parties of record— Any notice required herein which is mailed by the petitioner, certified mail' return receipt requested, shall be deemed to have been filed as of the date it is postmarked, This section shall apply to judicial review from the final order or action of all agencies, and amends the judicial review statutes relating to all agencies to provide a period of 30 days within which'to appeal or to institute judicial revieio. ”
§ 41 — 22—20(d) (emphasis added).
Through the enactment of the AAPA, the legislature intended “[t]o simplify the process of judicial review of agency action as well as increase its ease and availability.” § 41-22-2(b)(7). The AAPA is to be “construed broadly to effectuate its purposes.” § 41-22-25(a). Under § 41-22-20(d), the taxpayer is to serve the “agency.” Under § 41-22-25, the AAPA is to take precedence over any contrary statutory provisions. Therefore, I would hold that Target’s service on the Board by mailing the notice to the Secretary of the Board in a manner authorized by the AAPA was sufficient to invoke the jurisdiction of the trial court.
I acknowledge that, in some respects, a holding that the AAPA' is superimposed over § 40-3-25 is awkwárd and clumsy and could lead to greater uncertainty rather than simplifying the administrative-review process. ■ The process to follow would be much clearer if the former- limiting introductory clause of 41-22-20(b) had not been removed and § 41-22-25(a), requiring that the AAPA be “construed broadly,” Was not'present, (meaning that § 40-3-25 would-control), and if the State was not the actual controlling decision-maker in these proceedings. But despite my preference for different facts, in my view, Target’s administrative appeal to the .trial .court should be permitted to proceed because Target has established that this case involves an appeal from a decision of the State Department of Revenue, regardless of the indirect method of delivery of the decision, i.e., that the decision was issued by the Board, which is under the control and supervision of the State Department of Revenue, and Target appealed that decision to the trial court in a manner permitted by the AAPA. Therefore, because I would reverse the judgment dismissing Target’s appeal to the trial court, I respectfully dissent.